Gaston, Judge,
 

 after stating the substance of the petition and affidavits as above set forth, proceeded as follows: — It is a question of no little difficulty, whether, on account of the peculiar constitution of this Court, any decree here rendered can be re-examined by bill of review, because of new matter or new evidence discovered since the rendition of the decree. This question is not intended now to be decided, and it is mentioned lest an inference should be hastily drawn, that the Court has either overlooked the difficulty or has overruled it. If a sufficient
 
 prima facie
 
 ground had been laid in these affidavits for granting the prayer of the petitioner, we should forbear to act upon the subject-matter of it until notice of the petition had been given to the defendant, and an opportunity afforded him of being heard against the application. Such a petition is addressed to the sound discretion of the Court, and for the proper exercise of thgt discretion it is essential, that the parties interested should have an opportunity afforded of bringing forward what they may respectively be advised to be material.'
 

 But there is not a sufficient
 
 prima facie
 
 ground laid. It is impossible to infer more from the conversation which Williams declares himself to have had with Blewitt, than that the latter then supposed that Love_ had proved the fact of Anaka’s birth at the alleged time, and that the consequence of this proof would be a recovery against him, hard and oppressive as such a recovery would be. In Blewit’s answer he declares, that when he adminis
 
 *110
 
 tered in 1793, on William Love’s estate, he believed Anaka born after his death : that she was taken possession of by the widow Mary Love, and continually kept by her upon that ground, and that he never heard any intimation to the contrary until the year 1818, many years after he had closed his administration (when he was so informed by the plaintiff, the present petitioner,) and that he did not then, nor at the time of putting in his his answer (1823), believe the plaintiff’s allegation to be true. Since that answer and before the alleged conversation, the deposition of the petitioner’s mother was taken and publication passed; in which deposition, without referring to any dates or giving any explanation, after having taken and kept the negro, upon the ground of its being born since the death of her husband, she simply swore that it was born before his death and after the makingof his will. We must therefore understand this say-' ing of the defendant, as indicating the apprehension which this deposition had excited, that the fact would be considered as established by proof, and would be decisive of the plaintiff’s right to recover. It would be worse than idle to regard it as overruling and contradicting the statement made by him on oath, as to his belief when he entered upon, and while he was engaged in the management of his testator’s estate.
 

 Leave to file a bill of review for newly discovered testimony will not be granted to enable a party to adduce additional testi
 
 *111
 
 mony to a pomt at ls' sue, nor where the with ordi-gonce, have been had at ing.
 

 
 *110
 
 The only evidence set forth in support of this application which can be deemed material, is that of the affiant Nancy Covington, and if the petition is to be granted, it must be for the purpose of affording to the plaintiff an opportunity on a bill of review, to have the testimony of this witness taken to corroborate the deposition of Mary Love.
 

 We deem it unncessary to say more, than that according to the well established rules of equity, we do not feel ourselves justified in granting the application on this ground. The new witness sought to be introduced is the sister of the petitioner’s mother; and there is no allegation that her testimony might not easily and readily have been obtained before the former hearing. That the plaintiff or his counsel thought it safe to risk that hearing
 
 *111
 
 and the decision of the cause altogether upon the vague unsatisfactory testimony of the plaintiff’s mother — testimony,, the object of which was to render the defendant liable to the plaintiff for his negro, which' she held, and for which, therefore, in conscience, she and not the defendant should have been accountable, — is the fault or misfortune of the plaintiff or of his counsel. This is not newly discovered evidence; and if it w’ere, it is only cumulative evidence to a litigated fact. These considerations, without' going further, appear to us decisive against the application. See
 
 Young
 
 v.
 
 Keigley,
 
 16 Ves. 348;
 
 Norris
 
 v.
 
 Le Neve,
 
 3 Atk. 37;
 
 Taylor v. Sharp,
 
 3 P. Wms. 371;
 
 Livingston
 
 v.
 
 Hubbs,
 
 3 Johns. Ch. Reps. 126. The prayer of the petition is denied.
 

 PeR Cuexam. Petition dismissed.