OWEN G. SHEHAN *v.* JOHN MALONE & CO.

In a petition by the defendants to rehear a case decided in this Court, for the purpose of having a new trial in the Court below, on account of newly discovered testimony, the affidavit set forth, "that one Fennell was the book-keeper for the defendants in their store; that said books show from the entries made by said Fennell, that the plaintiff bought out of said store," &c., and "that said books were not allowed to be used in evidence, for the reason that said Fennell was not there to prove them," &c., and "that they had used every effort to find Fennell, but had failed;" and "that since the trial, they had discovered that he is now living in Chattanooga;" * * * "that the recovery is a hardship," &c., for that said books which were offered in evidence were excluded," &c., and that "said books would show," &c.: *Held,* to be insufficient to justify the setting aside a former judgment of this Court, and granting a new trial.

In such an affidavit it is not sufficient for the affiants, to state that they had used *every* means to find out where the witness was, &c.; they ought to have stated what means they did use, and let the Court judge.

(*Bledsoe* v. *Nixon,* 69 N. C. Rep. 81, cited and distinguished from this.)

PETITION, by the defendants to re-hear the case between the same parties, decided at the last (June) Term of this Court.

The case is reported in the 71 N. C. Rep. 440, in which the facts are all fully stated. The grounds relied on for a re-hearing are sufficiently set out in the opinion of the Court.

*Gaither & Bynum* and *Folk & Armfield,* for the petitioners.
*Scott & Caldwell* and *Furches,* contra.

READE, J. The plaintiff brought his action against the defendants to recover money claimed to be due under a contract. Among other defenses, the defendants set up a counter-claim for goods, wares and merchandise furnished the plaintiff out of their store. It was referred to a referee to state an account between the parties; and in order to prove their coun-

ter-claim before the referee, the defendants offered their store books in evidence upon which the goods were charged; and the books were rejected as incompetent evidence. The plaintiff had judgment, and the defendants appealed to this Court, where the judgment was affirmed. 71 N. C. R. 440.

At the present term of this Court, a motion is made in that cause, by the defendants, to re-hear the case in this Court with the view to have the case remanded to the Court below, and a new trial there, upon the ground of "newly discovered testimony."

This motion is founded upon an affidavit setting forth, "that one Fennell was the book keeper for the defendants in their store. That said books show from the entries made by said Fennell that the plaintiff bought out of said store," &c., and "that said books were not allowed to be used in evidence for the reason that said Fennell was not there to prove them," &c.; and "that they had used every effort to find Fennell, but had failed;" and that since the trial, they have discovered that he is living in Chattanooga, that the recovery is a hardship, "for that said books which were offered in evidence were excluded," &c.; and "that said books show," &c., and "this they are now able to show by the said Fennell," &c.

Applications for new trials for newly discovered testimony, are entertained with great caution. It often happens after a trial, that the losing party discovers some slip or mishap which may have operated to his disadvantage. He sees, or imagines that he sees, where he might have turned the scales if he had not neglected this, or if he had avoided that; and so the temptation is great to strain, if not to invent, a point for another trial. But it is important that there should be an end of litigation. The first trial is usually as fair as any; and there is danger, that in indulging the imaginary rights of one party, we may jeopardize the real rights of the other. Illustrative cases where new trials have been granted for newly discovered evidence, are where a plaintiff has recovered a debt, and the defendant subsequently discovers a receipt which, without his

fault, could not be used on the trial, or the discovery of a lost deed, as in *Bledsoe* v. *Nixon*, 69 N. C. R. 81. These are clear cases, but they are not the only ones. In any case, however, it ought satisfactorily to appear that injustice has been done without the fault of the party, and that it may be rectified by a new trial.

In this case the store books were rejected as evidence. It is admitted that they were not evidence ; but it is supposed that they would have been evidence if the book keeper had been there to prove them. Not at all. It is not alleged that he was the salesman and could have proved the delivery of the goods, but that he was the book keeper and could have proved the books, that is, that he made the entries, and then the books would have proved the claim. And then they say, this they expect to prove by him at next term. So that for ought that appears, upon another trial the witness would be asked: Did you keep these books ? Yes. Did you make these entries ? Yes. Did you deliver the goods or know that they were delivered ? No.

Again : Sufficient reason is not given for the absence of the witness. They say they used *every* means to find out where he was, &c. But that makes them the judge ; whereas they ought to have stated what means they did use, and let the Court judge. If they had enquired at Chattanooga, they would have found him there ; and they may have had good reasons for not enquiring there, but they have not stated them.

Again : A continuance is the usual means asked for to enable a party to hunt up a lost witness, but it does not appear that a continuance was asked for.

If a new trial had been asked for in the Court below, at or after the trial term, for the cause now assigned, it would not have been sufficient. But a stronger case would have to be made now than then, for there was an appeal to this Court and a judgment here, and no reason is given why the motion was not made on the trial and before judgment in this Court. It is true, that it is stated that the testimony has been " re-

cently " discovered ; but that may not mean since the trial in this Court.

There is but one precedent for a motion in this Court, after judgment here, to set aside the judgment here and grant a new trial in the Court below for newly discovered testimony, and that is the case of *Bledsoe* v. *Nixon, supra.* The necessity for it seems to arise out of our new system. It is an inconvenient practice, and not to be encouraged ; nor will it be allowed except in cases of necessity to prevent manifest injustice. And in that case the cause was not remanded and a new trial awarded, but the cause was retained in this Court and an issue directed below, to try the single matter in dispute. And such would have been the course in this case if we had granted the motion.

PER CURIAM.                    Motion refused with costs.