REUBEN HENRY v. THOMAS J. SMITH and others.

*Purchaser for Value Without Notice.*

Where a party seeking relief against an innocent purchaser for value without notice, is in default, the loss must fall upon him; *Therefore,* where the plaintiff executed a lease for a term of years for the consideration of $25, when the intention and agreement of the parties thereto was that the consideration should be $25 *per annum* and the error occurred through the inadvertance of the draftsman, and afterwards the lease was assigned to an innocent purchaser for value without notice; *Held,* that as to such purchaser the plaintiff was not entitled to have the lease corrected.

CIVIL ACTION, tried at Fall Term, 1875, of ANSON Superior Court before *Buxton, J.*

By consent of parties His Honor found the facts to be substantially as follows:

The plaintiff executed a lease to defendant, Francis Lynch, on the 25th of November, 1861.

Through inadvertence of the draftsman the consideration was stated to be $25.00 in hand paid, &c., whereas the contract was and so intended to be stated, that said consideration was $25.00 to be annually paid during the term of 99 years.

Defendant William C. Smith assignee of Francis Lynch, had actual notice of the real agreement between the original parties and had paid rent accordingly.

Defendant Thomas J. Smith assignee of William C. Smith had no notice of said agreement, except the information contained in the original lease and other deeds of conveyance which were duly recorded in the office of the Register of Deeds for said County.

His Honor held as a matter of law that said deeds registered as aforesaid, operated as constructive notice to said Thomas J. Smith, and further adjudged that said lease be corrected so as to express the intention of the parties thereto.

Judgment accordingly against defendants and also for the amount of rent due by them respectively to the plaintiff.

Appeal by defendants.

*Messrs. Dargan & Pemberton* and *John Manning*, for plaintiffs.

*Messrs. Battle & Mordecai* for defendants.

BYNUM, J.   As the indenture of lease is written, executed and registered, the only construction we can put upon it is, that it conveyed the whole term for the consideration of twenty-five dollars.   That is admitted by the plaintiff, and hence he seeks to have the deed corrected so as to show that the consideration was the sum of twenty-five dollars annually to be paid as rent during the continuance of the term. We are satisfied that such was the meaning of the parties to the lease and that therefore as between the plaintiff and Lynch, the immediate lessee, the correction of the deed could be made and so as to all subsequent assignees with notice.   But the ultimate purchaser of the term, to-wit, Thomas J. Smith against whom the relief is asked, is an assignee for full value and without notice.   In purchasing and

for his own protection, he was bound to trace back his title through all the mesne conveyances, up to the original lease made by the plaintiff. None of these furnished any notice of the mistake in the deed or that the lease was subject to an annual rental. They all showed that the entire term of ninety-nine years was conveyed in consideration of the specific sum of twenty-five dollars in hand paid on the execution of the deed. The party seeking relief committed the mistake and is in default. The defendant is an innocent purchaser and is in no default. In such cases when one of the two parties must suffer, the loss must fall upon him who is in default. He must abide by his own laches. 2 Sugden on Vendors 360, 362.

A jury trial was waived below and the Court found as a fact, that Francis Lynch and W. C. Smith had actual notice of the mistake in the deed and had paid rent, but that Thomas J. Smith had no actual or other notice than what was contained in the several assignments.

The Court decided as a matter of law that the deeds of assignment operated as constructive notice to Thomas J. Smith. In that His Honor erred. The plaintiff is entitled to the relief he asked as to Francis Lynch and also to W. C. Smith, who is insolvent, if he desires it, but not as to Thomas J. Smith.

There is error. The judgment is reversed as to Thomas J. Smith and affirmed as to Francis Lynch and W. C. Smith. The case is remanded.

PER CURIAM.                         Judgment accordingly.