*REUBEN HENRY v. W. C. SMITH, THOMAS J. SMITH and FRANCIS LYNCH.·

*Practice in Supreme Court—New Trial for Newly Discovered Testi— mony.*

1. This Court has the power in a proper case to grant a new trial for newly discovered testimony.

2. But in such case, it must be shown that since the former trial, testi-- mony has been discovered which was then unknown, which is prob- ably true and if it had been produced would have caused a different judgment, which could not have been known in time for the former trial by any reasonable diligence, and that diligence had in fact been used to discover it.

(*Bledsoe* v. *Nixon*, 69 N. C. 81 ; *Holmes* v. *Godwin*, Ibid, 467 ; *Shehan* v.. *Malone*, 72 N. C. 59, cited and approved.)

MOTION for a New Trial made by plaintiff and heard at January Term, 1878, of THE SUPREME COURT.

The plaintiff filed an affidavit stating that he had dis- covered (since the decision in this case, 76 N. C. 311) that at the time of the purchase of the land in controversy, the defendant Thomas J. Smith had actual notice of the mistake in the deed and knew that rent had been paid to the plain- tiff by the other defendants ; that when said land was sold by the auctioneer, it was sold subject to a lease and claim for rent of the affiant ; that John W. McGregor, who acted as the agent of said defendant, knew the conditions of the sale and bought the land subject to the same ; and that this evidence was not known to the affiant at the time the case was tried in the Superior or Supreme Court. Affidavits of

---

* Smith. C. J., having been of counsel did not sit on the hearing of this case.

S. D. Ballard and Thomas Bird were also filed, corroborating substantially the statements made by the plaintiff.

*Messrs. Gray & Stamps* and *Dargan & Pemberton*, for plaintiff: Where on an appeal, final judgment has been rendered in this Court, a proceeding for a new trial on account of newly discovered testimony should be in this Court, and not by action in the Court below. On motion supported by proper affidavits, this Court will in such case direct an issue to be submitted to be tried in the Superior Court. *Bledsoe* v. *Nixon*, 69 N. C. 81.

No counsel for defendants.

RODMAN, J. This case was decided in this Court at January Term, 1877, (76 N. C. 311.) The object of the action was to reform a lease made by the plaintiff to one Lynch on the ground that a clause for the payment of an annual rent had been omitted by mistake.

The estate under the lease had been assigned to the defendant, W. C. Smith, with notice of the alleged mistake, and by him to Thomas J. Smith for value, but there was no evidence that he had notice of the mistake. It was held that the plaintiff had no equity to have the lease reformed as against him.

At June Term, 1877, the plaintiff moved for a re-hearing of the judgment of the previous Term, and for an order remanding the action for a new trial in the Court below, upon the ground that since the decision of this Court, he had discovered testimony which would prove notice to Thomas J. Smith of the alleged mistake in the lease before his purchase.

It is conceded that this Court has the power in a proper case to grant the motion. It was so held in *Bledsoe* v. *Nixon* 69 N. C. 81, and that case comes within the principle of the acknowledged rules of practice in Courts of Equity on appli-

cations for re-hearing and bills of review.   3 Daniel Ch. Pr. 1724, 1732, 1736, and cases there cited.

But it is clear that unless the granting of such motions be rigidly restrained by the established rules applicable to such cases, it will tend greatly to protract litigation which is against the interest of the republic.   This danger is pointed out and carefully guarded against in the opinion of the Court in *Bledsoe* v. *Nixon.*

The cases in which a new trial may be granted in the inferior Courts for newly discovered testimony have been defined in a great multitude of concurring decisions in all the States which may be found cited in IX U. S. Dig. N. S. under the head, *New Trial*, ch. 2, sub-div. 6, § 2079 *et seg.*

We need only refer more particularly to *Bledsoe* v. *Nixon;* *Holmes* v. *Godwin,* 69 N. C. 467, and *Shehan* v. *Malone,* 72 N. C. 59.   These rules apply with greater force to an application in a Court of Appeals where the case has been heard after all the points of controversy have been developed, and the parties have had *ample time to discover all the testimony,* and where the decision may be expected to be an end of the litigation.   To make such an application successful, it must be shown that since the former trial, testimony has been discovered which was then unknown, which is probably true and if it had been produced would have caused a different judgment, and as specially pertinent to the present application that it could not have been known in time for the former trial by any reasonable diligence, and that diligence had in fact been used to discover it.   All these requisites were present in *Bledsoe* v. *Nixon.*

In the present case the plaintiff swears that since the decision in this Court, he has discovered that the land was sold by the auctioneer subject to the payment of rent, and that McGregor who bid it off for the defendant, did so with knowledge of that condition and of the plaintiff's claim (we suppose he means of the claim alleged in this action).   In

support of this statement, he reads an affidavit of Ballard that he was present at the sale, and that it was announced that the land was sold "subject to the lease," and that Mc-Gregor "knew of the lease and the claim of the plaintiff." It will be observed that Ballard does not say that McGregor knew of the plaintiff's claim to an annual rent. It was never denied that he knew of the lease, but it appeared from the lease that the term had been sold for a sum in present cash, and was not subject to an annual rent. The claim of the plaintiff which he is said to have known of, is not described. It may have been a claim to the reversion which is not denied. Thomas Bird corroborates the statement of Ballard, but does not extend it. The testimony of these affiants does not come up to the matter to be proved. Even if it did the plaintiff does not allege that before the decision in this Court, he used any diligence or indeed made any attempt whatever to obtain their testimony, or that of any other person, to prove notice to Thomas J. Smith of any mistake alleged to have been made in writing the lease, or that it was subject to any incumbrances not apparent on its face.

The case of *Shehan* v. *Malone*, 72 N. C. 59, (not cited on the argument) is very much in point. This fact of notice was distinctly put in issue by the pleadings, the attention of the parties was called to its materiality, and if it could have been proved by a diligent inquiry in the neighborhood of the land, and the plaintiff failed to make it, he was guilty of negligence and has no claim for another trial.

PER CURIAM. Motion refused.