### JOSEPH ADEN v. J. F. DOUB.

(Filed 13 November, 1907).

1. **Negotiable Instruments—Collateral Agreements—Parties—Third Person.**

   A negotiable instrument, given by defendant to a soliciting agent for the payment of an insurance policy, contemporaneously with a collateral written agreement, as a part of the contract, to the effect that defendant should have one month after the date of the note to determine whether or not he would take the policy, and if not, the note to be void, is not enforceable between the parties when the defendant has elected to reject the policy under the collateral agreement; and the rule of law protecting an innocent purchaser of a negotiable instrument for value has no application, being irrelevant.

2. **Procedure—New Trials—Newly Discovered Evidence—Affidavits, Sufficiency of.**

   In a motion for a new trial upon the ground of newly discovered evidence, whether in the Court below or in the Supreme Court, it should be made to appear by affidavit (1) that the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is material; (4) that due diligence was used in discovering it.    And a new trial is only allowed in such a case when manifest injustice and wrong will be done, or there is no other obtainable relief.    The motion will be disallowed when such evidence is merely cumulative, when it only tends to contradict a witness or to discredit an opposing witness, and when the applicant does not state the effort made to find the witness, so that the Court may judge of its sufficiency, but states only that every means had been used.

3. **Issues—Sufficiency.**

   Issues are sufficient when they present all the material matters in controversy.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at March Term, 1907, of the Superior Court of FORSYTH County.

This is an action brought to recover the amount of $257.35 and interest, alleged to be due by a note given by the defendant to the plaintiff, as agent, for a policy in the Security Life and Annuity Company for the sum of $5,000. At the time of the execution of the note the parties entered into a collateral written agreement as a part of their contract, to the effect that the defendant should have one month after the date of the note to determine whether he would take the policy, and if he decided not to accept it, then the note to be void.

The Court submitted to the jury certain issues, which, with the answers thereto, are as follows:

"1. Did the defendant execute the note described in the complaint?" Answer: "Yes."

"2. At the time of the execution of said note, did the plaintiff execute the agreement set out in the answer?" Answer: "Yes."

"3. Did the defendant, within one month from the execution of the note and agreement, notify the plaintiff that he would not accept the policy of insurance, and offer to return the same and demand a return of the note?" Answer: "Yes."

"4. What amount, if any, is due from the defendant to the plaintiff?" Answer: "Nothing."

The plaintiff excepted to the submission of the first three issues, and insisted that the fourth issue was sufficient to cover the matters in controversy.

Upon the verdict the Court rendered a judgment for the defendant, and the plaintiff appealed.

*J. E. Alexander* and *G. H. Hastings* for plaintiff.

*Watson, Buxton & Watson* and *Benbow & Hall* for defendant.

WALKER, J., after stating the case: There is nothing in this case, unless we greatly misunderstand it, but an issue of fact. The jury have found that the note was given subject to the written condition that the defendant might reject the

policy within thirty days, upon due notice, which was given. The position taken by the plaintiff, that the evidence tended to contradict a written instrument, and, besides, a negotiable instrument, is clearly without any support in law. In the first place, the written agreement was made at the very time the note was given, as a part of the same transaction, and the plaintiff is the original payee. This does not bring the case within the rule of evidence by which it is forbidden to vary or contradict a written instrument, nor within that other rule protecting an innocent purchaser for value of a negotiable instrument. It is not a correct proposition in law, as stated in the plaintiff's prayer for instructions, that a negotiable instrument is of such high dignity as a medium of exchange that the parties cannot annex any lawful condition to its payment at the time it is given, when the action to recover it is between the original parties to it. The question is fully discussed in *Evans v. Freeman,* 142 N. C., 61.

This suit is nothing more nor less than an attempt by the plaintiff to recover from the defendant a sum of money contrary to his express written agreement, which was executed cotemporaneously with the note, that the defendant should not be liable therefor if he rejected the policy, which he did. That is, if the verdict is true, and there was strong evidence to support it.

The plaintiff moved in this Court for a new trial, upon the ground that, since the trial of the cause, he had discovered other material evidence. We have examined this evidence, and find it to be merely cumulative to that introduced at the trial, and, besides, it does not impress us as having sufficient weight so as to render it probable or likely that the result would be changed by it if a new trial is awarded. The nature of the evidence would indicate, too, that the plaintiff had been guilty of laches in not discovering it before he did. As he wrote the letter to the defendant, dated 15 May, 1905, and countersigned the receipt, he should certainly have known of

their existence and called for their production at the trial by a specific notice or demand upon the defendant.

In *Turner v. Davis,* 132 N. C., 187, the present Chief Justice states fully the law applicable to motions of this kind: "Our own decisions require as prerequisites for such motions, whether made below or in this Court, that it shall appear by affidavit (1) that the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is material; (4) that due diligence was used in securing it. Such motions have been allowed only in cases of manifest injustice and wrong, and where there was no other relief attainable. But the motion will be denied if the new evidence merely tends to contradict a witness examined on the trial or to discredit the opposing witness, or is merely cumulative; and it is not sufficient to state that 'every means had been used to find out where the witness was.' The applicant should state what means he did use, and let the Court judge of its sufficiency," citing *Carson v. Dellinger,* 90 N. C., at p. 231; *Brown v. Mitchell,* 102 N. C., at p. 367; *State v. DeGraff,* 113 N. C., 688; *State v. Starnes,* 97 N. C., 423, and *Shehan v. Malone,* 72 N. C., 59. See, also, *Wilkie v. Railroad,* 127 N. C., 213; *Simmons v. Mann,* 92 N. C., 12, and *Love v. Blewitt,* 21 N. C., 108. The motion is denied.

The objection to the issues is untenable. Those submitted fully presented all the material matters in controversy, and when this is the case the issues are sufficient for the purpose of the trial. *Deaver v. Deaver,* 137 N. C., 240; *Hatcher v. Dabbs,* 133 N. C., 239; *Clark v. Guano Co.,* 144 N. C., 64; *Moseley v. Johnson,* 144 N. C., 257; *Main v. Fields,* 144 N. C., 307. We find no error in the rulings of the Court.

No Error.