Since this case was argued, the defendant has moved for a new trial, upon the ground of newly discovered evidence. Applications of this kind, as we have held, should be carefully scrutinized and cautiously examined, and the burden is upon the applicant to rebut the presumption that the verdict is correct and that there has been a lack of due diligence. 14 A. E. Enc. Pl. and Pr., 790. We require, as prerequisite to the granting of such motions, that it shall appear by the affidavit: (1) That the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is competent, material, and relevant; (4) that due diligence has been used and the means employed, or that there has been no laches, in procuring the testimony at the trial; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (7) that it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail. Turner v. Davis, 132 N.C. 187; S. v. Starnes, 97 N.C. 423; Brown v. (454) Mitchell, 102 N.C. 347; S. v. DeGraff, 113 N.C. 688; Schehan v. Malone, 72 N.C. 59; Mottu v. Davis, 153 N.C. 160; Adenv. Doub, ibid., 434. When we examine the affidavit of Hector Austen, and the others, upon which the defendant bases its motion for a new trial, we find that they fall short of complying with the rule we have just stated. In some respects the proposed testimony is merely cumulative, and in others it only tends to contradict or impeach the plaintiff's witnesses at the trial. It is not very definite. The witness does not speak with sufficient positiveness and directness to give us the slightest assurance that there will be a different result if we grant the application. He states that the brake was not applied to the car making the flying switch, which would tend rather to strengthen than to weaken the plaintiff's case. It is not satisfactorily shown that the testimony of the witness, if desired, could not have been secured at the trial by the exercise of proper diligence. We are convinced that the testimony, if it had been introduced before, would not have changed the result. We refer now to the second affidavit of Hector Austen, made in behalf of plaintiff.
Motion denied. *Page 365 
 Cited: Talley v. R. R., post, 579; Wheeler v. Cole, 164 N.C. 380;Steeley v. Lumber Co., 165 N.C. 35; Carson v. Ins. Co., ib., 126; Tate v.Mirror Co., ib., 281; Walters v. Lumber Co., ib., 392; Boyd v. Leatherwood,ib., 619; Trust Co. v. Bank, 166 N.C. 115; Shepard v. R. R., ib., 545;Embler v. Lumber Co., 167 N.C. 464; Padgett v. McCoy, ib., 508; Horton v.R. R., 169 N.C. 116; Davidson v. R. R., 170 N.C. 284; LeGwin v. R. R.,ib., 361; Penninger v. R. R., ib., 475; Brown v. R. R., 171 N.C. 269;Gainey v. Godwin, ib., 755; Lutterloh v. R. R., 172 N.C. 118; Odom v.Lumber Co., 173 N.C. 137.