Since the above case was argued before us, the plaintiff has moved for a new trial, upon the ground of newly discovered evidence. We said, in Johnson v. R. R., 163 N.C. 431, at p. 453, that "applications of this kind, as we have held, should be carefully scrutinized and cautiously examined, and the burden is upon the applicant to rebut the presumption that the verdict is correct, and that there has been a lack of due diligence. 14 A. E. 790. We require, as prerequisite to the granting of such motions, that it shall appear by the affidavit: (1) That the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is competent, material, and relevant; (4) that due diligence has been used and the means employed, or that there has been no laches in procuring the testimony at the trial; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (1) that it is of such a nature as to show that on another trial a different result will probably be reached, and that the right will prevail," citing Turner v. Davis, 132 (380) N.C. 187; S. v. Starnes, 97 N.C. 423; Brown v. Mitchell, 102 N.C. 347; S. v. DeGraff, 113 N.C. 688; Shehan v. Malone,72 N.C. 59; Mottu v. Davis, 153 N.C. 160; Aden v. Doub, 146 N.C. 10.
Upon careful consideration of the application in this case for a new trial, we are of the opinion that the plaintiff has not brought the same within the rule repeatedly laid down by this Court in the Johnson case,supra, and in other decisions, and that there are several respects in which he has failed to do so, not necessary now to be enumerated. We could not well grant his application for a new trial upon the showing made by him without seriously impairing the integrity and strength of the said rule, which has been consistently maintained for many years. We have heretofore refused numerous applications which more nearly comply with our rule than does the one which is now in question, but we may further say that we are not induced to believe, in the face of the statute validating the election held to ascertain the will of the people in regard to the issuing of bonds and the making of assessments that the plaintiff has shown his ability to reverse the result in this case, or even to modify the same.
The motion, therefore, for a new trial upon the grounds stated in the papers must be denied.
Motion denied. *Page 401 
 Cited: Leak v. Wadesboro, 186 N.C. 690; Construction Co. v.Brockenbough, 187 N.C. 75; S. v. Love, 189 N.C. 773; Gallimore v.Thomasville, 191 N.C. 653; R. R. v. Ahoskie, 192 N.C. 261; Jones v.Durham, 197 N.C. 133; Bryant v. Construction Co., 197 N.C. 642; Efird v.Winston-Salem, 199 N.C. 36; S. v. Casey, 201 N.C. 624; Starmount v.Hamilton Lakes, 205 N.C. 521; Crutchfield v. Thomasville, 205 N.C. 715;Furniture Co. v. Cole, 207 N.C. 848; Owens v. Lumber Co., 211 N.C. 136;Bullock v. Williams, 213 N.C. 321; Green v. Kitchin, 229 N.C. 459; Earlyv. Eley, 243 N.C. 697; Poole v. Motor Co., 255 N.C. 566; Hall v.Chevrolet Co., 263 N.C. 574.