The defendant was convicted, and from the judgment of death pronounced, appealed. *Page 809 
The prisoner is charged with having committed (974) a felonious assault and rape, upon the body of Rosa Ann Hyatt, in an indictment which the record, after setting out the names of the grand jurors and the appointment of their foreman, says, was by them "returned into open Court, by the hands of J. M. Terrell, foreman," on Tuesday of the first week of Spring Term, of Union Superior Court, with endorsed thereon over the foreman's signature, "a true bill." Upon its being made to appear to the Court that the prisoner was without counsel and unable to employ any, the Court assigned, as such, four members of the bar, to conduct his defense, one of whom, on account of illness, was afterwards excused from serving.
Upon arraignment, he entered his plea of not guilty, and a day was fixed for his trial, and an order made for the issue of a special venire, returnable at that time. The trial after it began, continued for several days, and terminated in a verdict declaring the prisoner "guilty of the felony and rape wherewith he is charged." The prisoner's counsel moved for a new trial, and in its support assigns the following alleged errors:
I. In the admission of incompetent evidence;
II. In rejecting competent evidence offered for the defendant;
III. In declining to give instructions asked for him;
IV. In instructions given;
V. In other irregularities occurring during the progress of the trial.
The meaning of these vague and general terms, must be sought in the specific exceptions contained in the record of the proceedings at the trial before the jury. The motion for a venire de novo was denied, and sentence of death having been pronounced, the prisoner appealed to this Court, and was allowed to do so, without giving security for costs, as authorized under The Code, Secs. 1234 and 1235.
In getting a jury, five were taken from the original panel, and the others from those summoned upon the special venire. Of the latter, two were challenged by the prisoner, and cause assigned, in that they had within two years preceding, served as jurors in the Court, and had suits then pending and at issue. The challenges were (975) overruled, and to this ruling the prisoner excepted.
1. We deem it needful only to say, that a similar objection to such jurors was raised in State v. Carland, 90 N.C. 668, and decided to be untenable.
2. The prosecutrix was examined at great length as to the transaction, and her means of identifying the accused as the author of the *Page 810 
outrage, which was perpetrated at her house during the night of November 28th, 1884. Her testimony was explicit as to the commission of the crime and its attending circumstances, in many of which there was corroborating evidence from the others, and the cross-examination was mainly directed to the question of her ability to recognize and identify the person of the accused.
The prisoner, examined in his own behalf, testified that he did not commit the act of violence with which he is charged; was not at the house of the prosecutrix when it is said to have occurred; and was at another place; in which he was sustained by other witnesses produced.
It was in proof, that the prosecutrix had, on a previous occasion, sued out a warrant against two other persons, Bob Belk and Jim Belk, for the same offense, and the prisoner now proposed to show, that he had caused a subpoena to issue for them as witnesses, to which the sheriff had made return, that they were not to be found. This evidence, on objection from the solicitor, was ruled out, and to this the prisoner makes his second exception.
The proposition is to receive in evidence the prisoner's own act, or that of his counsel, in an unsuccessful effort to procure the attendance of certain witnesses in his own behalf, from whom favorable testimony was expected. How does this fact tend to disprove the charge, or to discredit the witness? It may be, that their testimony, if obtained, would be of service to the prisoner, but we cannot assume what they would swear, and the mere fact that they are not present, because they could not be summoned, authorizes no inference for the jury to (976) make, as to what they would testify. We are unable to see the relevancy of the proposed evidence, and as impertinent to any issue, it was properly rejected.
III. The third exception is also to the rejection of evidence, and grows out of these facts:
A witness for the State testified, that the character of one Lila McMillan, who was examined for the prisoner to prove an alibi, was bad; and on his cross-examination, that he had heard some things about her honesty; that she had been charged with larceny — had given bail and "went to South Carolina; that on her return, she had not been prosecuted, so far as he knew." Thereupon the prisoner's counsel proposed to ask this further question: "It is not difficult for an insolvent colored person to give bond when charged with larceny?" The question, on objection, was not allowed to be put to the witness.
This exception must be summarily disposed of. The inquiry, as we understand its object, is to explain the act of the impeached witness in leaving the State, and avoiding an arrest and imprisonment, and her voluntary return, as indicating her conscious innocence. *Page 811 
The question was rightfully excluded, for the reasons assigned by the Solicitor. It was immaterial and irrelevant — a matter of opinion and argument, rather than of fact — and all the material facts for the inference were already before the jury.
The instructions asked for the prisoner, are drawn out at considerable length, and as those given are not responsive seriatim, as a whole, it becomes necessary, in passing upon the exceptions relating to them, to set out both in full. Those asked are as follows:
I. It devolves upon the State, before the defendant can be convicted, to prove beyond any reasonable doubt, that the crime charged in the indictment has been committed.
II. It devolves upon the State also, to prove beyond a reasonable doubt, that the prisoner is the guilty perpetrator of the (977) deed.
III. The State relies upon circumstances, and before the prisoner can be convicted upon evidence of this kind, the circumstances must all concur, in showing that the prisoner committed the crime, and exclude every reasonable hypothesis of his innocence.
IV. It is a rule of law to be acted on by the jury, that no conviction can be had upon circumstantial evidence, unless they are as thoroughly satisfied of his guilt, as if a reputable person of good character, and an eye witness, had sworn to the fact.
V. If the jury believe that the prosecutrix had an opportunity to disclose and make known the outrage alleged to have been committed on her person, the fact that she did not make such disclosure, and of the name of the party, until a considerable time thereafter, raises a strong presumption against the truth of her statements.
VI. In passing upon the question of guilt, the jury should consider the fact, that rape is a crime easy to be alleged, and hardest of all others to be disproved by one charged, though he be innocent.
VII. In all criminal prosecution, the defendant is entitled to a verdict, if there remain in the minds of the jury, a reasonable doubt of the prisoner's guilt; and while this is true in all trials for crime, it is much more so in cases of capital felony, where stronger and more cogent proof is required, than would be in simple misdemeanors.
VIII. Every person accused of crime, is presumed to be innocent, and while the evidence may not make the same impression on the mind of every juror, it is yet probable that consultation will lead all to the same conclusion; if not, that the whole jury upon the fair and honest doubt of part of them, will adopt a conclusion favorable to the prisoner, since in case of doubt, the law leans to the presumption of innocence. *Page 812 
Upon the prisoner's request through his counsel, the Court, in (978) place of the foregoing, submitted the following instruction in writing to the jury:
After explaining the nature of the crime imputed to the prisoner, and what is necessary to be proved to sustain the charge, the Judge proceeds:
"An eminent legal writer, many years ago, said: `It is true, rape is a most detestable crime, and therefore ought severely and impartially to be punished with death, but it must be remembered, that it is an accusation easy to be made, hard to be proved, but harder to be disproved by the party accused, though innocent.'
"Was a rape committed? If you are not fully satisfied that a rape was committed, then the State fails, and a verdict of acquittal will be entered. If the evidence should satisfy you beyond a reasonable doubt, that a rape was committed upon the person of Rosa Ann Hyatt, your next inquiry will be, did the prisoner do it? Every person is presumed to be innocent until the contrary is proved, and if there be reasonable doubt of the prisoner's guilt, the jury must give him the benefit of it. If the jury, from the evidence, believe that the prosecutrix did not disclose the fact that she was ravished, until some time afterwards, then the Court charges you, that the inference against the truth of the charge, arising from her long silence, is not an inference amounting to a rule of law, but is a matter of fact to be passed on by the jury. Consider the testimony on this point. The outcry on the night — the noise — the statement to Moser that some one was trying to kill her — that she told the men folks that way that night — that she told Moser the next morning that she had been outraged — the length of time before the warrant was taken out — the reason why it was not taken out earlier — the condition of the woman — and all the evidence brought out on the trial, in passing upon the truth of the charge.
"The evidence is mainly circumstantial. The proposition that before a conviction could be had on circumstantial evidence, the jury must be as well satisfied of the guilt of the accused, as if one credible (979) eye-witness had sworn to the fact, was not a rule of law, but an illustration, and all intended by it is, that the jury must be satisfied beyond a reasonable doubt. The rule is, that the circumstances must be such as to produce a moral certainty of guilt, and exclude any other reasonable hypothesis. But the Court cannot charge you, as requested, that the evidence in the case is wholly circumstantial. There is direct testimony, if believed, from the prosecutrix, who swears, that when he, the prisoner, `got three or four steps from the door, he turned and answered me, and said if I told, he would kill *Page 813 
me. By his favor in the moonshine, and his voice, I knew it was Albert Starnes.' This is evidence tending to show recognition, for you to pass on and consider, with all the other evidence in the case. You pass on the weight of the evidence and the credibility of the witnesses. You hear their testimony — you see their manner on the stand — their bearing when they make their statements under oath; and you, as triers of fact, are to say how much and what you believe. To justify a jury in convicting, there should not be a rational doubt of guilt.
"In defence against the charge, the prisoner sets up an alibi, that is, that he was not at the place at the time the alleged crime is said to have been committed, and so he could not have committed it. You will consider the evidence of Nathaniel Gay, bearing upon the point, of Lila McMillan, and of the prisoner himself. In passing upon prisoner's testimony, and determining what credit should be given to it, it is proper to consider his interest in the result. An alibi is a good defence, if proved to the satisfaction of the jury. Whether it is so proved, is a fact for the jury. It is the duty of the jury to weigh the whole evidence, and if there be a reasonable doubt as to the prisoner's guilt, to acquit him. If upon the whole testimony, you have no reasonable doubt of his guilt, you will find him guilty as charged in the indictment."
It will thus be seen, that the charge fully responds to every just demand contained in the series of requested instructions, (980) and is as favorable to him as the evidence in its different aspects will admit. No specific portions of the charge are pointed out as falling short of the demands of the prisoner's counsel, and we observe none ourselves which are obnoxious to legal objection on the part of the prisoner.
In the argument here, objection is made to the language used in the charge, "An alibi is a good defence, if proved to the satisfaction of the jury," as conveying an intimation that the burden of proving it rested upon the prisoner, in opposition to what is said in State v. Jaynes, 78 N.C. 504.
We do not understand the Court to intimate that the failure of an effort to prove an alibi, was to be taken as affirmative evidence, tending to show guilt, or to relieve the State at all of its duty to fully prove the prisoner's guilt. On the contrary, the instruction in this form, is sanctioned by the ruling in State v. Reitz, 83 N.C. 634, where a charge was held to be unexceptionable, given in these words: "An alibi, if proved and established by testimony, was the most complete and satisfactory defence that could be made; when not complete, it could not avail the defendant. Whether an alibi is proved, is a question for the jury." This was followed by an instruction, that the *Page 814 
jury should weigh the whole testimony, and if there remained a reasonable doubt as to the prisoner's guilt, he should be acquitted. Reviewing the exception based upon this portion of the charge, ASHE, J., for the Court, says: "We see no error in this, for the evidence offered against the defendant, was circumstantial, and must have raised a strong presumption of his guilt, or he would not have been driven to the defence of an alibi. If the proof was of such a character as to amount to a violent presumption, it would behoove the defendant to make proof of his alibi, to the full satisfaction of the jury; and that is what we understand is meant by making complete proof the fact, and so, we think the jury must have understood it, in connection with what followed."
In the present case, with direct and positive testimony to the (981) crime and the identity of the accused, if credited, the remark of the Judge was the more clearly appropriate, if not necessary, in guiding the jury in their deliberation upon the evidence.
During the argument, and while the prisoner's counsel was discussing the matter embraced in his fifth special instruction asked, the Judge, interrupting and addressing the speaker, said: "Have you not missed the law? Have you not got it wrong? Consult the case of State v. Peter,53 N.C. 19, and see if the Court has not decided exactly the contrary?" No exception was then taken to the remarks of the Court, though it has since been pressed.
The subject of the exception alluded to, was the inference to be deduced from the failure of the injured woman, to make a prompt disclosure of the outrage, as raising a presumption of her testimony being false or feigned. We are not informed of the tenor of the remarks of counsel thus interrupted, but we must assume them to be at variance with the ruling in that case, to which the charge to the jury conforms. There is no error apparent in the action of Judge in what occurred, nor in his charge upon the point.
We cannot entertain suggestions as to the manner in which the case on appeal was made up by the Judge. That prepared for the appellants was met by exceptions, embodied in one prepared by the Solicitor, and the Judge, giving notice to the counsel of the time and place when they could be heard, and none appearing, settled the case which comes up with the record.State v. Gooch and Smith, post, 982.
There was also a preliminary application made to the Court, for the awarding of a new trial, upon the ground of newly discovered evidence.
The jurisdiction conferred upon this Court, is under the Constitution Art. 4, Sec. 8, "to review upon appeal any decision of the Courts below, *Page 815 
upon any matter of law or legal inference." In civil suits, rehearing may be had, and new trials granted upon evidence coming to light since the appellate jurisdiction of this Court attached, and that of the Court below upon the subject matter of the appeal is lost, (982) under the principles governing such applications, and pursuant to Rule 12 of this Court. Bledsoe v. Nixon, 69 N.C. 81; Henry v.Smith, 78 N.C. 27.
No such proposition in reference to criminal prosecutions has ever been made or entertained, so far as our investigations have gone, in this Court. The absence of a precedent, (for we cannot but suppose such applications would have been made on behalf of convicted offenders, if it had been supposed that a power to grant them resided in this appellate Court), is strong confirmatory evidence of what the law was understood to be by the profession.
We are clearly of the opinion, that no such discretionary power as that invoked, is conferred upon this Court. In appeals from judgments rendered in indictments, our jurisdiction is exercised in reviewing and correcting errors in law committed in the trial of the cause, and to this alone. Statev. Jones, 69 N.C. 16.
It must be declared that there is no error in the record. This will be certified to the Court below, that it may proceed to judgment on the verdict.
No error. Affirmed.
Cited: S. v. Gooch, 94 N.C. 1006; S. v. Starnes, 97 N.C. 423;Davenport v. McKee, 98 N.C. 505; S. v. Rowe, 98 N.C. 630; S. v. Edwards,126 N.C. 1055; S. v. Council, 129 N.C. 512; S. v. Register, 133 N.C. 754;S. v. Lilliston, 141 N.C. 864; S. v. Arthur, 151 N.C. 657; S. v. IceCo., 166 N.C. 404; S. v. Bryant, 178 N.C. 707; S. v. Williams, 185 N.C. 665;S. v. Steen, 185 N.C. 774, 781; S. v. Levy, 187 N.C. 587; S. v.Griffin, 190 N.C. 135; S. v. Casey, 201 N.C. 625, 626; S. v. Sheffield,206 N.C. 386; S. v. Bridgers, 233 N.C. 580.