J. E. BLACK v. W. H. BLACK.

*Practice in the Supreme and Superior Courts—New Trial—Acts 1887—Code—Judgment.*

1. It is the settled practice that pending an appeal to the Supreme Court a motion for a new trial upon newly discovered testimony must be made in that Court; and before the Act of 1887, chapter 192 concerning appeals, such motion must have been made in the Supreme Court, even after final decree therein.

2. The Act of 1887, chapter 192, providing that *The Code, Title* 13, chapter 10, must not be construed to vacate the judgment appealed from, that its lien should remain the same until reversed or modified, notwithstanding any undertaking, and, upon its affirmation, execution should issue from the Superior Court, modifies the practice so that now after appeal and final decree in the Supreme Court, a motion for a new trial upon newly discovered testimony should be made in the Superior Court. Pending the appeal, the practice remains as it was before the act.

This is a MOTION made by the defendant W. H. Black for a new trial in the above-entitled case, because of newly discovered evidence, and was heard before *Graves, J.,* at August Term, 1892, of MECKLENBURG Superior Court, upon affidavits filed by the defendant.

The case was tried at August Term, 1891, of said Court, and from the verdict and judgment against the defendant he appealed to the Supreme Court. The case was there heard, and the judgment affirmed at February Term, 1892, of the Supreme Court. See 110 N. C., 398. The certificate and opinion of the Supreme Court was transmitted to the Superior Court of Mecklenburg County before its August Term, 1892, and at the latter term the plaintiff moved for judgment. The defendant then submitted his motion for a new trial, as above set forth. After argument of counsel and consideration of the motion, his Honor ruled that the Court did not have power or jurisdiction to grant the motion, and that the motion should have been made in the Supreme Court, if it can be entertained at all after an affirmance of the judgment by that Court. The defendant excepted to the ruling, upon the following grounds:

1. That the Superior Court had the power and jurisdiction to grant the motion or the prayer of the defendant for a new trial, as that Court, at the time the motion was made, had complete jurisdiction and control of the case.

2. That the Supreme Court had no jurisdiction of the matter, and if it ever had, its jurisdiction was at an end when its certificate was transmitted to the Superior Court.

3. That a new trial for newly discovered testimony can be granted after judgment in the case, and even after the judgment has been affirmed by the Supreme Court.

The Court allowed the plaintiff's motion for judgment, and judgment was signed, as will appear by the record.

Defendant excepted, for reasons above set forth.

*Messrs. Clarkson & Duls* (by brief), for plaintiff.
No counsel, contra.

MacRae, J.: "Under the former system it was settled doctrine that a court of law could set aside its regular judgment at a subsequent term. If the enforcement of a judgment became inequitable for any reason of which a court of equity could take notice, it would be enjoined."

Soon after the Superior Courts were clothed with the blended jurisdiction both of law and equity, the practice was marked out. Instead of a proceeding in equity for an injunction against the enforcement of a judgment, a motion in the cause was indicated as the proper procedure for any sufficient cause which could have been, and by accident or fraud was not, pleaded in bar of the judgment, where the same was not provided for in section 133 of Code of Civil Procedure, now section 274 of *The Code*, on the ground of mistake, surprise or excusable neglect. *Jarman* v. *Saunders*, 64 N. C., 367.

In the case of *Bledsoe* v. *Nixon*, 69 N. C., 81, where an action was brought in the Superior Court for the purpose of obtaining a new trial on account of newly discovered evidence in the case between the same parties which had been tried in the Superior Court, and brought by appeal to this Court and a final decree rendered, it was held that when an appeal had been taken from the Superior Court to this

Court, a proceeding to obtain a new trial for newly discovered evidence cannot be instituted in the Superior Court, but must be by motion here, and upon a proper case the Court will remand the cause so that the Superior Court may take jurisdiction and proceed to do what is right. And so the practice was settled. *Shehan* v. *Malone,* 72 N. C., 59; *Horne* v. *Horne,* 75 N. C., 101; *Henry* v. *Smith,* 78 N. C., 27; *Carson* v. *Dellinger,* 90 N. C., 226; *Simmons* v. *Mann,* 92 N. C., 12; *Dupree* v. *Insurance Co.,* 93 N. C., 237; *Munden* v. *Casey,* 93 N. C., 97; *Sikes* v. *Parker,* 95 N. C., 232.

The Act of 1887, chapter 192, entitled "An Act concerning appeals," instituted a new feature in our law. It provides:

"SECTION 1. The stay of execution provided for in Title 13, chapter 10 of *The Code,* shall not be construed to vacate the judgment appealed from, but in all cases said judgment shall remain in full force and effect, and the lien of said judgment shall remain unimpaired, notwithstanding the giving of the undertaking or making the deposit required in said Title until the judgment appealed from is reversed or modified by the Supreme Court."

"SEC. 3. In civil cases, at the first term of the Superior Court after such certificate is received, if the judgment is affirmed, the Court below shall direct the execution thereof to proceed, and if said judgment is modified, shall direct its modification and performance," &c.

We are called upon in this case to construe the effect of the Act of 1887 upon motions for new trials for newly discovered evidence in actions which have been tried in the Superior Court, judgment rendered therein, taken by appeal to the Supreme Court, and the judgment affirmed and certified down, as in the present case, and by force of the statute the Superior Court is required to direct the execution thereof to proceed. Shall the practice settled in *Bledsoe* v. *Nixon, supra,* continue, or shall the motion now be made in the Court where the judgment stands? We are again, as was said by the

Chief Justice in *Bledsoe* v. *Nixon,* "sailing without a compass, and can only look to the statutes and the reason of the thing in navigating this unknown water." Since the Act of 1887 "the cause" is no longer by the appeal taken out of the Superior Court and carried up to the Supreme Court; the judgment remains in the Superior Court, and, when docketed, the lien continues, notwithstanding the appeal.

By virtue of Art. IV., sec. 8 of the Constitution, this Court has jurisdiction to review, upon appeal, any decision of the Courts below upon any matter of law or legal inference, and has the "power" to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior Courts. We do not mean to intimate that any of its powers or jurisdiction have been impaired by the act in question, but the effect therof is to render it unnecessary in many cases to render any final judgment further than to indicate that the judgment below is affirmed.

It was held *In re. Griffin,* 98 N. C., 225, that after a judgment of the Superior Court imposing a fine for contempt has been affirmed by the Supreme Court it becomes final and conclusive, and the Court below has no power to remit or modify it, and it is said that " this is in harmony with the new enactment, Acts 1887, chapter 192, which, in criminal and civil actions alike, leaves in force from its rendition the judgment from which the appeal is taken, when there is found to be no error and the judgment is affirmed." The effect of the act of 1887 has been discussed and explained by the late Chief Justice MERRIMON in *Stephens* v. *Koonce,* 106 N. C., 222, which was a motion made in this Court after the appeal had been heard and the judgment below affirmed. It was said : " The motion is improvidently made in this Court. If it be a proper motion to be made at all, it cannot be entertained here, because the final judgment, as affected by the orders and judgment of this Court, is in the Superior Court, and all proper motions to enforce it, or that might appropriately be

made in the action, should be made in the latter Court, except such motions as may be made affecting the appeal and the action of this Court therein. But no motion can be entertained or allowed in the Superior Court that shall, or may be inconsistent with the judgment and directions of this Court. The latter are controlling in the action so far as they apply to and affect it, and must be observed in all appropriate connections; otherwise the decisions of this Court, as a court of errors, would not be authoritative, and there would be no end to controversy." What was said above is no way at variance with our present utterances. The Superior Court cannot modify, correct or alter the judgment which has been affirmed by this Court.

But the right to equitable relief, upon proper proofs, rests somewhere, and is not affected by the action upon the appeal. There is no case pending, nor judgment rendered in this Court, except the order affirming the judgment below and imposing the costs of appeal. To the Superior Court alone can the application be made, for it alone retains jurisdiction of the action. Motions for new trials for newly discovered evidence have been entertained in this Court pending the appeal since the passage of the Act of 1887, *Brown* v. *Mitchell,* 102 N. C., 347; but our attention has been called to none, after a final disposition of the appeal by affirmance of the judgment. And the matter has been settled by the case last cited.

1. We conclude that the proper practice is, that pending appeals, such motions should be made in this Court, and when the final judgment has been rendered in this Court a petition to rehear should be filed for the purpose of making the motion here.

2. But when the judgment of the Superior Court has been affirmed and the opinion certified down and the matter finally disposed of in this Court, the motion (or action in the nature of a bill of review, as was resorted to in *Matthews* v.

111—20

*Joyce,* 85 N. C., 258) should be made or begun in the Superior Court, where the judgment was rendered.

The learned Judge before whom this motion was made denied it upon the ground of want of power or jurisdiction to grant it, in order that the question might be passed upon and settled. And this we have endeavored to do.

We have expressed no opinion upon the merits of this motion.

The affidavits and motion should be passed upon by the Judge in the Superior Court, to whose discretion it is committed. *State* v. *Morris,* 109 N. C., 820, and to this end it is remanded to the Superior Court.

BURWELL, J., having been of counsel, did not sit on the hearing of this cause.