## TURNER v. DAVIS.

(Filed March 24, 1903.)

1. NEW TRIAL—*Verdicts—Setting Aside—The Code, Secs. 274 and 412, Sub-sec. 4.*

  A motion made in the superior court for a new trial for newly-discovered evidence must be made and passed upon at the same term at which the trial is had.

2. JUDGMENTS—*Setting Aside—Verdicts—Supreme Court—Newly-Discovered Evidence.*

  Where new evidence is discovered during the term at which a case is tried, but too late for the trial court to hear a motion for a new trial at that term, such motion may be made in the supreme court.

ACTION by R. W. Turner against Elizabeth Davis and others, heard by Judge *George A. Jones,* at March Term, 1902, of the Superior Court of PASQUOTANK County. From an order refusing to grant a new trial on the ground of newly discovered evidence, the plaintiff appealed.

*E. F. Aydlett,* for the plaintiff.
*Geo. W. Ward,* for the defendant.

CLARK, C. J.   When judgment was offered for signature
in this case, the plaintiff moved for a new trial for newly
discovered evidence, but his Honor stated that he was about
to depart for the next court and could not hear the motion,
and continued it to be heard at next term.   He thereupon
signed the judgment embracing therein the above statement
and an order staying proceedings under the judgment till
said motion could be decided at next term.   At such next
term, another judge being on the bench adjudged that he
had no power to grant said motion and denied the same, from
which order the plaintiff appealed.

An irregular judgment can be set aside by motion within a
reasonable time, *Strickland v. Strickland,* 129 N. C., 89,
but a motion to set aside a regular judgment based on a
verdict "can only be *heard* at the same term at which the
trial is had."   The Code, Section 412(4).   This sec-
tion covers all motions to set aside regular judgments,
though they may be on grounds not specifically named there-
in.   *Quincey v. Perkins,* 76 N. C., 295; *Puffer v. Lucas,*
107 N. C., 322; *McCaskill v. Currie,* 113 N. C., 313; *Hardy
v. Hardy,* 128 N. C., 178.   The only exceptions made in
The Code are motions on the grounds named in section 274,
"mistake, inadvertence, surprise and excusable neglect," in
which cases the motion may be made "within one year after
notice of the judgment."   A motion to set aside a judgment
"for newly discovered evidence" does not come within the
latter category and therefore could only be *heard* at the trial
term.   Sec. 412(4).   The continuance of such motion was
therefore improvident, and the judge who held the next term
properly held that he could not hear it.   The requirement
that motions to set aside judgments must be *"heard* at the

TURNER *v.* DAVIS.

same term at which the trial is had" (except in cases coming under Section 274 and in cases of irregular judgments) is wisely conceived. Such action at the trial term is discretionary and not reviewable (as has been always held as to motions to set aside for newly discovered evidence) and, besides, no one could possibly be so well advised as to the justice and propriety of granting or refusing such motion as the judge who has just heard the facts developed in the trial. In *Redmond v. Stepp,* 100 N. C., at p. 219, Smith, C. J., says: "Where the new evidence is discovered during the term, the motion must be made to the court that tried the cause, and its decision whether granting or refusing the new trial is conclusive." A motion on such ground can ordinarily be made in this court only when discovered after the adjournment of the court below at which the cause was tried, and pending the appeal, and is decided here as a matter of discretion, not as a legal right, no opinion being written in any case. *Bledsoe v. Nixon,* 69 N. C., 81; *Henry v. Smith,* 78 N. C., 27; *Brown v. Mitchell,* 102 N. C., 347; 11 Am. St. Rep., 748; *Nathan v. Railroad,* 118 N. C., 1066.

Under the peculiar facts of this case, the plaintiff might have made the motion in this court, and failing to do so, he may make it on a petition to rehear filed for that purpose, as was allowed in *Black v. Black,* 111 N. C., at p. 305, provided his affidavits make out such a *prima facie* case as shall justify some member of the court to endorse the petition to rehear.

While, as we have pointed out, the plaintiff under the circumstances of this case still has an opportunity to present his motion in this court, it is not amiss to quote, "Such applications are regarded with suspicion and examined with caution, the applicant being required to rebut the presumption that the verdict is correct and that he has not exercised due diligence in preparing for trial." 14 Am. & Eng. Enc.

Pl. & Pr., 790.  Our own decisions require as prerequisites for such motions, whether made below or in this court, that it shall appear by affidavit (1) That the witness will give the newly discovered evidence, (2) That it is probably true, (3) That it is material, (4) That due diligence was used in securing it, and that such motions have been allowed only "in cases of manifest injustice and wrong and when there was no other relief attainable." *Carson v. Dellinger,* 90 N. C., at p. 231.  But the motion will be denied if the new evidence merely tends to contradict a witness examined on the trial, *Brown v. Mitchell,* 102 N. C., at p. 367; 11 Am. St. Rep., 748; or to discredit the opposing witness, *State v. DeGraff,* 113 N. C., 688; or is merely cumulative, *State v. Starnes,* 97 N. C., 423; and it is sufficient to state that "every means had been used to find out where the witness was." The applicant should state what means he did use and let the court judge.  *Shehan v. Malone,* 72 N. C., 59.

No Error.