DANIEL CHRISCO v. JOSEPH G. YOW and J. H. REDDING.

(Filed 17 November, 1910.)

1. **Evidence—Impeaching Witness—Explanations.**

   On redirect examination, the testimony of a witness explaining an answer made on the cross-examination, tending to impeach him, is competent.

2. **Evidence, Corroborative—Restrictions—Instructions—Appeal and Error.**

   When the evidence is corroborative, the failure of the trial court to restrict it will not be considered on appeal unless the objecting party asks for an instruction to that effect.

3. **Declarations—Boundaries—Interest.**

   Declarations of the deceased as to a disputed corner of his lands are incompetent unless made against his interest.

4. **Evidence, Newly Discovered—Procedure—New Trial.**

   If possible, a motion for a new trial for newly-discovered evidence must be made in the Superior Court.

5. **Same—Supreme Court—Opinion.**

   If the newly-discovered evidence upon a motion for a new trial in the Supreme Court is ascertained after taking an appeal, the motion will be entertained in this Court; it must be submitted without argument, and will be decided without giving a written opinion, or discussing the facts.

6. **Evidence, Newly Discovered—New Trial—Discretion.**

   Whether a motion for a new trial upon newly-discovered evidence is made in the Superior or Supreme Court, its allowance is a matter in the discretion of the court.

7. **Evidence, Newly Discovered—New Trial—Requirements.**

A motion for a new trial for newly-discovered evidence will be denied when such evidence is merely contradictory of a witness examined at the trial, or merely discredits an opposing witness or is cumulative.

8. **Evidence, Newly Discovered—New Trial—Diligence—Questions for Court.**

The applicant should state the efforts he used to get the newly-discovered evidence upon which a motion for a new trial is made, so that the court may determine the matter, and his statement is insufficient, that "every means had been used to find out where the witness was."

9. **Evidence, Newly Discovered— New Trial — Affidavits — Reply— Matter of Right—Discretion.**

Affidavits in reply to a motion made for a new trial for newly-discovered evidence may be filed as a matter of right; and it is within the discretion of the court whether the appellant may file additional affidavits.

APPEAL by defendant from *Biggs, J.,* at the March Term, 1910, of RANDOLPH.

The facts are sufficiently stated in the opinion.

*J. A. Spence* for plaintiff.
*J. T. Brittain* and *Morehead & Sapp* for defendant.

CLARK, C. J.    There are three exceptions in this case, all as to matters of evidence.    As to the first exception, the evidence was properly admitted on redirect examination to explain the answer of witness as to matters on cross-examination, which tended to impeach her.    As to the second exception the question asked was competent in corroboration, if for no other purpose.    *Ratliff v. Ratliff,* 131 N. C., 431; *Burnett v. R. R.,* 120 N. C., 517.    If the defendants wished the testimony restricted to that purpose it was their duty to ask the judge to do so, rule 27, 140 N. C., 662.    This they failed to do, but the judge in fact did so instruct the jury.

The third and last exception is because the judge excluded the declaration of the deceased owner of the adjoining tract as to where his corner was.    Declarations against interest of an adjacent owner are competent, but not those made in his own interest, and such was the nature of the excluded declaration.

The defendant moved in this Court for a new trial for newly discovered evidence. Such motion must be made and passed upon in the Superior Court at the same term at which the trial is held, if possible. But if the evidence is not discovered till after the appeal is taken, such motion may be made in this Court, *Turner v. Davis,* 132 N. C., 187. When the motion is made here it must be submitted without argument, and will be decided without an opinion, because its decision rests upon matters of fact, which can never be exactly duplicated, and not upon matters of law, as to which a decision may be a precedent. *Brown v. Mitchell,* 102 N. C., 367; *Sledge v. Elliott,* 116 N. C., 717; *Crabtree v. Scheelky,* 118 N. C., 105; *Clark v. Riddle, ib.,* 692; *Nathan v. R. R., ib.,* 1070. Besides, whether the motion is made below or in this Court, it is a matter which rests in the discretion of the court.

The principles which govern the court in such cases are well settled, and they are that it must appear by affidavit (1) that the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is material; (4) that due diligence was used to secure the evidence. Such motions have been allowed only "in cases of manifest injustice and wrong, and when there is no other relief obtainable." *Carson v. Dellinger,* 90 N. C., 231.

Such motion will be always denied, if the new evidence merely tends to contradict a witness examined on the trial, *Brown v. Mitchell,* 102 N. C., 367; 11 Am. St., 748; or to discredit the opposing witness, *S. v. DeGraff,* 113 N. C., 688; or is merely cumulative, *S. v. Starnes,* 97 N. C., 423; and it is not sufficient to state that "every means had been used to find out where the witness was." The applicant should state what means he did use, and let the court judge. *Schehan v. Malone,* 72 N. C., 59.

The whole subject has been fully discussed in *Turner v. Davis,* 132 N. C., 187; *Simmons v. Mann,* 92 N. C., 16; *Black v. Black,* 111 N. C., 300. As was said in *Turner v. Davis, supra,* "Such applications are regarded with suspicion and examined with caution, the applicant being required to rebut the presumption that the verdict is correct, and that he has not exercised

due diligence in preparing for trial," which quotation was taken with approval from 14 A. & E. Pl. & Pr., 790. However, upon full examination of all the affidavits we do not think that the motion should be allowed.

The defendant in this Court insisted that the affidavits filed by the plaintiff in reply to his motion should be struck out. But we are of opinion that they should be filed as of right. The plaintiff, on the other hand, asked us to refuse to allow the defendant to file additional affidavits in reply to his own. But we think this was a matter in our discretion, and allowed them to be filed.

The motion for a new trial for newly discovered evidence is denied, and in the trial below we find

No error.