### W. D. ALLEN v. T. T. GOODING.

(Filed 10 October, 1917.)

1. **Appeal and Error—New Trials—Motions—Newly Discovered Evidence—Superior Courts—Jurisdiction—Statutes.**

    By the act of 1887, a case appealed from remains in the Superior Court, and though a motion for a new trial may be made in the Supreme Court while the appeal is pending, it nevertheless may be made in the Superior Court at the next term after affirmation of its action and before final judgment entered therein in pursuance of the certificate.

2. **Courts — Jurisdiction — Superior Courts — Motions—New Trial—Court's Discretion—Appeal and Error.**

    A motion properly made in the Superior Court for a new trial for newly discovered evidence is addressed to the sound discretion of that court, and is not reviewable on appeal unless this discretion has been abused.

CIVIL ACTION, tried before *Stacy, J.,* at June Term, 1917, of CAR-TERET.

This was a motion for a new trial, upon the ground of newly discovered evidence.

This action was tried before his Honor, *C. C. Lyon, Judge,* and a jury, at October Term, 1916, of Carteret Superior Court. There was a verdict in favor of the plaintiff upon the issues submitted, and judgment rendered by his Honor, *Judge Lyon,* at said term, and appeal was taken from said judgment to the Supreme Court of North Carolina; and the opinion therein was filed 7 March, 1917, and certified to the Superior Court of Carteret County on the first Monday in April, 1917, but no judgment was entered in accordance with the opinion of the Supreme Court, as the next term of Carteret Superior Court was the June Term, 1917, at which term the motion for a new trial was made.

A petition to rehear was filed in the Supreme Court, and in connection therewith a motion was made for a new trial upon the ground of newly discovered evidence.

The petition was denied and the motion was not considered, because the certificate of the Supreme Court had been certified to the Superior Court.

Affidavits were filed by both parties on the hearing of the motion in the Superior Court, and after consideration thereof his Honor allowed the motion and ordered a new trial, and the plaintiff excepted and appealed, upon the ground that his Honor had no power to grant the motion.

*Moore & Dunn* for plaintiff.
*A. D. Ward, Abernethy & Davis, D. L. Ward, and R. E. Whitehurst* for defendant.

ALLEN, J. Affidavits were filed by the defendant before his Honor, which justified him in granting the motion for a new trial, if he had authority in law to do so, and the decisions in this State sustain his authority.

The first case raising this question, after the changes in procedure following the adoption of the Constitution of 1868, was *Bledsoe v. Nixon*, 69 N. C., 81, in which it was held that an appeal took the whole case to the Supreme Court, and that when an appeal was taken the Superior Court could not entertain the motion.

This continued to be the law until the act of 1887 was passed, and since then it has been settled that the case remains in the Superior Court, and that while a motion for a new trial for newly discovered evidence may be considered in the Supreme Court while the appeal is pending therein, upon the judgment and opinion of the Supreme Court being certified to the Superior Court, the motion may be heard in the Superior Court at the next term. *Black v. Black*, 111 N. C., 303; *Banking Co. v. Morehead*, 126 N. C., 282; *Smith v. Moore*, 150 N. C., 159.

The conditions existing in the *Black* case were identical with those before us, and the Court says: "We are called upon in this case to construe the effect of the act of 1887 upon motions for new trials for newly discovered evidence in actions which have been tried in the Superior Court, judgment rendered therein, taken by appeal to the Supreme Court, and the judgment affirmed and certified down, as in the present case, and by force of the statute the Superior Court is required to direct the execution thereof to proceed. Shall the practice settled in *Bledsoe v. Nixon, supra,* continue, or shall the motion now be made in the court where the judgment stands?

There is no case pending nor judgment rendered in this Court, except the order affirming the judgment below and imposing the costs of appeal. To the Superior Court alone can the application be made, for it alone

retains jurisdiction of the action. Motions for new trials for newly discovered evidence have been entertained in this Court pending the appeal, since the passage of the act of 1887 (*Brown v. Mitchell,* 102 N. C., 347), but our attention has been called to none, after a final disposition of the appeal by affirmance of the judgment. And the matter has been settled by the case last cited.

1. We conclude that the proper practice is, that, pending appeals, such motions should be made in this Court, and when the final judgment has been rendered in this Court a petition to rehear should be filed for the purpose of making the motion here.

2. But when the judgment of the Superior Court has been affirmed and the opinion certified down, and the matter finally disposed of in this Court, the motion (or action in the nature of a bill of review, as was resorted to in *Matthews v. Joyce,* 85 N. C., 258) should be made or begun in the Superior Court, where the judgment was rendered.

This was affirmed in the *Banking Company case* and dealt with as a decision and not a *dictum,* the Court saying: "In *Black v. Black,* 111 N. C., 300, it was decided that, after a final decree in the Supreme Court, a motion for a new trial upon newly discovered evidence could be made, and that it should be made in the Superior Court. If a new trial could be ordered by the Superior Court after a final decision in the Supreme Court, surely such a motion as the one made in this case ought to have been granted, if the judge in his discretion thought it proper to grant it"; and in the *Smith case,* in which it is said that the practice since the statute of 1887 is laid down in *Black v. Black,* and that "when the opinion has been certified down, such motion must be made in the Superior Court."

The case of *Turner v. Davis,* 132 N. C., 188, is not in conflict with these decisions. It was decided upon the ground that the motion must be heard in the Superior Court at the next term after the opinion of the Supreme Court was certified down, and could not be continued to be heard at another term by another judge, and, as pointed out in *Smith v. Moore,* it rests on the peculiar facts of the case.

The cases relied on by the appellant to the effect that after final judgment in the Superior Court the judge cannot order a new trial at a subsequent term, have no application, for the reason that the appeal does not bring the case here since the act of 1887, and it remains alive in the Superior Court until the next term after the opinion is certified down, when judgment should be entered according to the certificate.

As said in *Lancaster v. Bland,* 168 N. C., 377, "When judgment has been affirmed or reversed on appeal, it is a live case till, on receipt of the certificate, judgment has been entered below in conformity there-

18—174

with, unless final judgment is entered here. *Smith v. Moore*, 150 N. C., 158.

*Black v. Black*, 111 N. C., 300, and *Banking Co. v. Morehead*, 126 N. C., 279, were live cases, in which proper motions could be made, because, though the certificate had been sent down, judgment had not been entered in accordance therewith in the court below.

We therefore conclude that there was no error in entertaining the motion; and if the Superior Court had jurisdiction, it was a matter addressed to the discretion of the presiding judge, with which we cannot interfere unless there has been an abuse of the discretion, which we do not find to exist.

Affirmed.