## J. E. ALEXANDER v. RICHMOND CEDAR WORKS.

(Filed 9 April, 1919.)

**New Trials—Newly Discovered Evidence—Laches—Burden of Proof.**

The Supreme Court will not order a new trial for newly discovered evidence that is merely cumulative, or without probability that the result would be thereby changed, and the burden is upon the petitioner to show by the facts and circumstances, and not by his bare general averment, that he has been free from laches in not having produced it at the trial, or that its omission was not due to his lack of reasonable diligence.

PETITION for a new trial for newly discovered evidence on appeal from *Bond, J.,* at the November Term, 1918, of TYRRELL.

*Aydlett, Simpson & Sawyer and W. L. Whitley for plaintiffs.*
*J. Crawford Biggs and Thompson & Wilson for defendant.*

PER CURIAM. This is a petition for a new trial in the above entitled case, upon the ground of newly discovered testimony. The petition is denied for the following reasons:

1. The proposed testimony appears to be entirely cumulative, there being no new kind of evidence offered, and besides, there is nothing to reasonably indicate that the result will be changed.

2. There is no acceptable excuse given for the delay in procuring the new testimony, and no sufficient reason assigned for not having presented it at the trial of the action.

3. But another reason, and the main one, is that petitioners do not sufficiently show that they had been diligent in their efforts to produce this testimony at the trial, or, to put it conversely, they do not show that they have not been guilty of laches. They allege generally that laches cannot be imputed to them, but this will not do, as the facts should have been set forth so that we can determine whether laches existed. They could not decide that question for us by merely asserting that there had been no laches.

The petitioners have not brought themselves within the rule which we have adopted in regard to such applications as this one. We said in *Johnson v. R. R.,* 163 N. C., at p. 453, and its language, in most respects, is peculiarly applicable to this case: "Since this case was argued the defendant has moved for a new trial upon the ground of newly discovered evidence. Applications of this kind, as we have held, should be carefully scrutinized and cautiously examined, and the burden is upon the applicant to rebut the presumption that the verdict is correct and that there has been a lack of due diligence. 14 A. and E. Enc. Pl. and Pr., 790. We require, as a prerequisite to the granting of such motions, that it shall appear by the affidavit: (1) That the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is competent, material and relevant; (4) that due diligence has been used and the means employed, or that there has been no laches in procuring the testimony at the trial; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (7) that it is of such a nature as to show that on another trial °a different result will probably be reached and that the right will prevail. *Turner v. Davis,* 132 N. C., 187; *S. v. Starnes,* 97 N. C., 423; *Brown v. Mitchell,* 102 N. C., 347; *S. v. DeGraff,* 113 N. C., 688; *Schehan v. Malone,* 72 N. C., 59; *Mottu v. Davis,* 153 N. C., 160; *Aden v. Doub, ibid.,* 434. When we examine the affidavits of Hector Austen and the others, upon which the defendant bases its motion for a new trial, we find that they fall short of complying with the rule we have just stated. In some respects the proposed testimony is merely cumulative, and in others it only tends to contradict or impeach the plaintiff's witnesses at the trial. It is not very definite. The witness does not speak with sufficient positiveness and directness to give us the slightest assurance that there will be a different result if we grant the application. . . . It. is not satisfactorily shown that the testimony of the witness, if desired, could not have been secured at the trial by the exercise of proper diligence. We are convinced that the testimony, if it had been introduced before, would not have changed the result. We refer now to the second affidavit of Hector Austen, made in behalf of plaintiff." See *Wheeler v. Cole,* 164 N. C., 378; *Padgett v. McCoy,* 167 N. C., 508; *Gainey v. Godwin,* 171 N. C., 754; *Steeley v. Lumber Co.,* 165 N. C., 35. If we should grant this application upon the case as made out by the petitioners, even giving to it the best possible construction in their favor, we would have to do so in every case which is based upon the ground that there is additional testimony which might have been produced with reasonable effort, and there would consequently be no end of trials, for there are a very few if any cases where it could not be alleged that the losing party has lost

the benefit of evidence which they are prepared to introduce if per-- mitted to do so. But we put our decision chiefly upon the ground that. a want of laches has not been sufficiently shown. Laches is negligence,. consisting in the omission of something which a party might do, and might reasonably be expected to do, towards the vindication or enforce-- ment of his rights. The word is generally a synonym of "remissness,"' "dilatoriness," "unreasonable or unexcused delay," the opposite of "vigi--lance," and means a want of activity and diligence in making a claim. or moving for the enforcement of a right (particularly in equity) which will afford ground for presuming against it, or for refusing relief, where that is discretionary with the court. It may be that petitioners were· actually free from laches, but if so, it should have appeared affirm-atively, the burden of showing diligence being upon them. It is not sufficient to allege it but it must be proven with reasonable certainty. Indifference to one's interests will not be excused by the law, as it requires of a party that he should devote that care and attention to his. case which a man of ordinary prudence bestows upon his important business affairs. *Roberts v. Allman,* 106 N. C., 391; *McLeod v. Gooch,.* 162 N. C., 122; *Dell School v. Pierce,* 163 N. C., 424; 16 N. J. Eq., 242. Laches presupposes not only lapse of time but also the existence of cir-cumstances which render negligence imputable, and unless reasonable diligence is shown in the prosecution of a claim to relief, the Court,. acting on the familiar maxim of the law as to giving preference to one who has been watchful of his rights rather than one who has slept. upon them, will decline to interfere.

Petition dismissed.