ADAMS, J., dissents.
BROGDEN, J., concurring.
CLARKSON, J., dissenting.
Motion by defendant for new trial on grounds of disqualification of certain jurors by reason of alleged fraud and prejudice, and for newly discovered evidence, made in the Superior Court at the next succeeding term following affirmance of judgment on appeal.
At the September Special Term, 1930, Lenoir Superior Court, Hon. W. A. Devin, judge presiding, the movant, Herman Casey, was tried upon an indictment charging him with the murder of one James C. Causey, which resulted in a conviction and sentence of death. On appeal to the Supreme Court the verdict was upheld and the judgment affirmed opinion filed 27 June, 1931.
Several weeks after the adjournment of the September Special Term of court at which the case was tried, the movant learned for the first time of the matters affecting the jury and of the newly discovered evidence. Thereupon, at the December Term, 1930, Lenoir Superior Court, the next succeeding term after the discovery of said matters, a motion was made before Hon. G. V. Cowper, special judge presiding, for a new trial, upon the grounds stated, which was denied for want *Page 622 
of power to entertain the motion, as the case was then pending in the Supreme Court on appeal. This ruling was affirmed, ante, 185; Bledsoe v.Nixon, 69 N.C. 82.
On 29 June, 1931, two days after the filing of the opinion in this Court, and before it had been certified to the Superior Court of Lenoir County, the movant, without filing a petition to rehear, lodged a motion here for "Mistrial and New Trial" on the same grounds set out in his original affidavits, to wit, disqualification of certain jurors by reason of alleged fraud and prejudice, and newly discovered evidence. This was denied 2 July, 1931, and rightly so under the decisions in Moore v.Tidwell, 194 N.C. 186, 138 S.E. 541, and Teeter v. Express Co.,172 N.C. 620, 90 S.E. 927.
The movant, thereafter, renewed his motion at the regular August Term, 1931, Lenoir Superior Court, the next succeeding term following affirmance of the judgment here, which was denied by Hon. W. A. Devin, judge presiding, on the ground that "this court at this term is without power to set aside said verdict and judgment and grant a new trial for the causes set forth in said motion and affidavit, being of opinion that the defendant's case is not now pending in the Superior Court of Lenoir County."
And further:
"2. The court is further of the opinion after consideration of said affidavits for the defendant and the State that the allegations tending to show that three of the jurors were disqualified has not been sustained. The court finds that the three jurors whose conduct is sought to be impeached on this motion were competent jurors and that they and each of them acted fairly and honestly in arriving at the verdict in said case.
"3. Upon the defendant's motion for a new trial for newly discovered evidence as alleged in his motion and affidavits the court is of the opinion that it is without power to set aside the verdict and judgment and grant a new trial for this cause and denies the same. The court further finds that the alleged newly discovered evidence seems to be in contradiction and cumulative, and considering the great mass of testimony offered at the trial from more than 100 witnesses, doubts that this evidence would have changed the result reached by the jury."
From the order denying his motion, the movant appeals, having applied to the Governor in the meantime for a respite or reprieve of his sentence until the matter could be heard by the courts.
after stating the case: The appeal calls for a ruling upon an important question of practice: When may the courts entertain a motion in a criminal case for a new trial on the grounds of information affecting the competency of jurors, and for newly discovered evidence, which come to the attention of the defendant after trial and conviction?
Undoubtedly, if knowledge of the matters and things, now urged as grounds for a new trial, had come to the movant during the term of court at which he was tried and convicted, the judge at that term, the trial term, would have been clothed with the power, as well as the duty, to hear and determine the motion upon its merits. S. v. Jackson, 199 N.C. 321,154 S.E. 402; S. v. Hartsfield, 188 N.C. 357, 124 S.E. 629; S. v. Trull,169 N.C. 363, 85 S.E. 133; S. v. Jimmerson, 118 N.C. 1173, 24 S.E. 494;S. v. Fuller, 114 N.C. 885, 19 S.E. 797; S. v. DeGraff, 113 N.C. 689,18 S.E. 507; S. v. Morris, 109 N.C. 820, 13 S.E. 877; Turner v.Davis, 132 N.C. 187, 43 S.E. 637. And unless some question of law or legal inference were involved in his ruling, it would not be subject to review on appeal. S. v. DeGraff, supra; Fleming v. R. R., 168 N.C. 248,84 S.E. 270; Munden v. Casey, 93 N.C. 97.
It is the ruling in a number of cases that when the matter, or new evidence, is discovered during the term, the motion must be made to the court that tried the cause, and its ruling thereon, whether for or against a new trial, is ordinarily conclusive. Turner v. Davis, supra; Redmond v.Stepp, 100 N.C. 212; Carter v. King, 174 N.C. 549, 94 S.E. 4.
Indeed, unless the case is kept alive by appeal, such motion can be entertained only at the trial term. Lancaster v. Bland, 168 N.C. 377,84 S.E. 529; Stilley v. Planing Mills, 161 N.C. 517, 77 S.E. 760; S. v.Bennett, 93 N.C. 503.
Both the trial and appellate courts have exercised the right to grant new trials for newly discovered evidence in civil cases, and the rules governing such applications, in cases appearing on the civil side of the docket, are well established by a number of decisions. But on account of the abuse to which such applications are susceptible, the courts have found it necessary to admit them cautiously, under somewhat stringent rules, to prevent the endless mischief which a different course would undoubtedly produce. Chrisco v. Yow, 153 N.C. 434, 69 S.E. 422; Vernon v. Hankey, 2 T. R. (Eng.), 120; S. v. Carr, 21 N. H., 166, 53 Am. Dec., 179; Linscott v.Orient Ins. Co., 88 Me. 497, 51 Am. St. Rep., 435; S. v. Stain, 82 Me. 472;Commonwealth v. Sacco and Vanzetti, 259 Mass. 128; Davis v. BostonElevated Ry., 235 Mass. 482 at p. 495; Baylies' Trial Practice, 507; 20 R. C. L., 289. *Page 624 
The applicant in all cases, civil as well as criminal, has the laboring oar to rebut the presumption that the verdict is correct and that he has not exercised due diligence in preparing for trial. Brown v. Sheets,197 N.C. 268, 148 S.E. 233; Brown v. Hillsboro, 185 N.C. 368, 117 S.E. 41;Johnson v. R. R., 163 N.C. 431, 79 S.E. 690. In other words, laches must be negatived and probable or manifest injustice shown. Alexander v.Cedar Works, 177 N.C. 536, 98 S.E. 780; Wilkie v. R. R., 127 N.C. 203,37 S.E. 204; Carson v. Dellinger, 90 N.C. 226. To do justly is the goal of the courts in every case, but this does not mean to favor the negligent at the expense of the diligent party. He who sleeps upon his rights may lose them. Lex reprobat moram. Battle v. Mercer, 188 N.C. 116,123 S.E. 258.
As prerequisites, therefore, to the granting of new trials on the ground of newly discovered evidence, it is settled by the decisions in this jurisdiction that it must appear by affidavit:
1. That the witness or witnesses will give the newly discovered evidence. Brown v. Hillsboro, supra; Aden v. Doub, 146 N.C. 10,59 S.E. 162; Dupree v. Ins. Co., 93 N.C. 237; Holmes v. Godwin, 69 N.C. 467.
2. That such newly discovered evidence is probably true. Brown v.Hillsboro, supra; Mottu v. Davis, 153 N.C. 160, 69 S.E. 63; Aden v.Doub, supra.
3. That it is competent, material and relevant. Brown v. Sheets, supra;Brown v. Hillsboro, supra; Henry v. Smith, 78 N.C. 27.
4. That due diligence was used and proper means were employed to procure the testimony at the trial. Brown v. Sheets, supra; Everett v. Sneed,186 N.C. 766, 119 S.E. 5; Brown v. Hillsboro, supra; Alexander v. CedarWorks, supra; Chrisco v. Yow, 153 N.C. 434, 69 S.E. 422; Shehan v.Malone, 72 N.C. 59; Bledsoe v. Nixon, 69 N.C. 82.
5. That the newly discovered evidence is not merely cumulative. Brown v.Sheets, supra; Scales v. Wall, 194 N.C. 804, 140 S.E. 80; Coleman v.McCullough, 190 N.C. 590, 130 S.E. 508; Brown v. Hillsboro, supra;Alexander v. Cedar Works, supra; Chrisco v. Yow, supra; S. v. DeGraff,supra; Land Co. v. Bostic, 168 N.C. 99, 83 S.E. 747; S. v. Starnes,97 N.C. 423, 2 S.E. 447; Simmons v. Mann, 92 N.C. 12.
6. That it does not tend only to contradict a former witness or to impeach or discredit him. Hilton v. Ins. Co., 195 N.C. 874,142 S.E. 782; Young v. Stewart, 191 N.C. 297, 131 S.E. 735; Brown v.Hillsboro, supra; Land Co. v. Bostic, supra; Turner v. Davis, supra;S. v. DeGraff, supra; Brown v. Mitchell, 102 N.C. 347, 9 S.E. 702;Sikes v. Parker, 95 N.C. 232. *Page 625 
7. That it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail.Brown v. Sheets, supra; Brown v. Hillsboro, supra; Alexander v. CedarWorks, supra; Mottu v. Davis, supra; Simmons v. Mann, supra; Carson v. Ins.Co., 165 N.C. 135, 80 S.E. 1080; Warwick v. Taylor, 163 N.C. 68,79 S.E. 286.
In civil cases, when the matter, or newly discovered evidence, comes to the attention of the applicant after the adjournment of the term of court at which the case was tried, and pending the appeal, the motion should be made in the Supreme Court. Moore v. Tidwell, 194 N.C. 186,138 S.E. 541; In re Edens, 182 N.C. 398, 109 S.E. 269; Allen v. Gooding,174 N.C. 271, 93 S.E. 740. If discovered after filing of the opinion in the Supreme Court, and before it is certified down, a petition to rehear should be filed for the purpose of making the motion here. Allen v. Gooding,supra; Shehan v. Malone, 72 N.C. 59. Compare Fleming v. Barden,127 N.C. 214, 37 S.E. 219. But when the judgment of the Superior Court has been affirmed and the opinion certified down, and the matter finally disposed of here, the motion (or action in the nature of a bill of review, as was resorted to in Matthews v. Joyce, 85 N.C. 258) should be made or begun in the Superior Court at the next succeeding term. Allen v. Gooding,supra; Black v. Black, 111 N.C. 300, 16 S.E. 412; Smith v. Moore,150 N.C. 158, 63 S.E. 735; Banking Co. v. Morehead, 126 N.C. 279,35 S.E. 593.
Notwithstanding the establishment of the above rules as applicable to civil cases, and C. S., 4644, which provides that "the courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases," nevertheless, in view of Art. IV, sec. 8, of the Constitution which empowers the Supreme Court "to review on appeal any decision of the courts below, upon any matter of law or legal inference," it is the practice with us, established by a long line of decisions, that new trials will not be awarded by the Supreme Court for newly discovered evidence in criminal prosecutions. S. v. Griffin,190 N.C. 133, 129 S.E. 410; S. v. Hartsfield, 188 N.C. 357, 124 S.E. 629;S. v. Williams, 185 N.C. 643, 116 S.E. 570; S. v. Jenkins, 182 N.C. 818,108 S.E. 767; S. v. Ice Co., 166 N.C. 403, 81 S.E. 956; S. v.Arthur, 151 N.C. 643, 65 S.E. 758; S. v. Turner, 143 N.C. 641,57 S.E. 158; S. v. Lilliston, 141 N.C. 857, 54 S.E. 427; S. v. Register,133 N.C. 746, 46 S.E. 21; S. v. Edwards, 126 N.C. 1051,35 S.E. 540; S. v. Rowe, 98 N.C. 629, 4 S.E. 506; S. v. Starnes,94 N.C. 973. *Page 626 
It is said in some of the cases that by reason of the language in the above section of the Constitution the jurisdiction of the Supreme Court in criminal prosecutions is limited to matters of law or legal inference, and that it does not extend to applications for new trials on the ground of newly discovered evidence. S. v. Lilliston, supra; S. v. Turner, supra; S.v. Arthur, supra. The decision in each of these cases, however, was by a divided Court. For like reason, petitions to rehear are not allowed in criminal cases. S. v. Council, 129 N.C. 511, 39 S.E. 814; S. v. Jones,69 N.C. 16.
The case of S. v. Starnes, 94 N.C. 973, and 97 N.C. 423, in which the defendant was convicted of rape and sentenced to death, is essentially parallel to the one at bar. There, as here, application was made in the Supreme Court for a new trial on the ground of newly discovered evidence, which came to the attention of the applicant after his conviction in the Superior Court and pending the appeal. This was denied as a matter of procedure without passing upon its merits. S. v. Hartsfield, supra; S. v.Turner, supra. At the next succeeding term of Union Superior Court, following affirmance of the judgment here, when the prisoner was called for resentence, as was the practice at that time, and inquiry made of him if he had aught to say why judgment of death should not be pronounced against him, he renewed his application for a new trial upon the same ground of newly discovered evidence, supporting his motion by a number of affidavits. The motion was entertained, but denied for insufficient showing, and on appeal it was said: "While in this case, the judge puts his refusal upon the ground that the case made does not come up to the rule in one essential particular, he does not abnegate the power to make the order when all its requirements are met, and this in the pending application, and there is no error in law in his ruling."
But it is questioned whether the decision in Starnes' case, rendered in 1886, is controlling at the present time in view of chapters 191 and 192, Laws 1887, now C. S., 657 and 4654, which provide that in all cases, civil and criminal actions alike, an appeal shall not be construed to vacate the judgment, and C. S., 4663, as amended by chapter 55, Public Laws 1925, which provides that on appeal in capital cases, should no error be found in the trial, the condemned person shall be executed on the third Friday after filing of the opinion, and the clerk of the Supreme Court is required to notify the warden of the penitentiary of the date of such filing, no resentence of the prisoner in the Superior Court being contemplated in such cases. But the judgment to be executed is the judgment of the Superior Court, which was not vacated by the appeal.
It will be observed that C. S., 4663, as amended, deals only with the fixing of the new date of execution, when for any cause a stay of execution *Page 627 
has been granted or brought about by operation of law (C. S., 4662), while the third proviso of C. S., 1412 is to the effect that in criminal cases the decision of the Supreme Court shall be certified to the Superior Court from which the case was transmitted, which Superior Court shall proceed to judgment agreeably to the decision of the Supreme Court and the laws of the State. Indeed, C. S., 4661 provides that after the execution of a death sentence, that fact shall be certified to the clerk of the Superior Court in which the sentence was pronounced and the certificate made a part of the papers in the case and entered upon the records.
In all criminal cases, other than capital, where the judgment is affirmed on appeal, it is provided by C. S., 4656, that the clerk of the Superior Court, on receipt of the certificate of the opinion of the Supreme Court, shall forthwith notify the sheriff, who is thereupon directed to proceed with the execution of the sentence. In such cases, however, it has been the practice on the circuit for the Superior Courts to entertain motions for new trials on the ground of newly discovered evidence at the next succeeding term following affirmance of the judgment on appeal. The most recent instance of such practice, coming to our attention, occurred in the case of S. v. Cox and Whitley, ante, 357, affirmed on appeal at the present term.
It is not supposed that the law in this respect is less mindful of the rights of a prisoner condemned to die, than it is of the rights of a defendant in a prosecution other than capital, or of the rights of a party in a civil action. S. v. Hartsfield, supra. "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." Amend. XIV, U.S. Const.
Construing the above statutes in the light of the decisions, and considering the circumstance that no execution of the sentence in the instant case had been entered upon at the time of the last motion, we are of opinion that the judge of the Superior Court to whom the application was addressed had the power and discretion to hear and to dispose of the matter. To hold otherwise would perhaps threaten the validity of C. S., 4663, as amended, by causing it to offend against the constitutional assurance of the equal protection of the laws (S. v. Fowler, 193 N.C. 290,136 S.E. 709), and there is a presumption against an interpretation which renders an act unconstitutional. Green v. Asheville, 199 N.C. 516,154 S.E. 852; Tob. Asso. v. Bland, 187 N.C. 356, 121 S.E. 636. Where a statute is fairly susceptible of two interpretations, one constitutional and the other not, the rule of the courts is to adopt the former and reject the latter, for every presumption is to be indulged in favor of the validity of an act of the law-making body. S. v. Yarboro, 194 N.C. 498,140 S.E. 216; S. v. Revis, 193 N.C. 192, *Page 628 136 S.E. 346; Sutton v. Phillips, 116 N.C. 502, 21 S.E. 968;McGwigan v. R. R., 95 N.C. 428; Comrs. v. Ballard, 69 N.C. 18; S. v.Manuel, 20 N.C. 144; Adkins v. Children's Hospital, 261 U.S. 525; St.Louis S.W. Ry. v. Ark., 235 U.S. 350; Abby Dodge v. U.S.,223 U.S. 166; U.S. v. Del. Hud. Co., 213 U.S. 366; Bridgeport Irr.Dist. v. U.S., 40 F.2d 830; People v. City Prison,144 N.Y. 529, 39 N.E. 686; 25 R. C. L., 1000.
The authority which the applicant invokes is available in all other proceedings, both civil and criminal, up to and including the next succeeding term following affirmance of judgment on appeal, and it is difficult to perceive upon what basis of equality, or equal protection of the laws, it can be said that in capital cases — and in capital cases alone — the power of the judiciary to entertain such motions is exhausted with the adjournment of the trial term of court. S. v. Fowler,supra.
We are not called upon to say, nor do we decide, whether the statutes, as now written, leave an interstice or hiatus in the law, with respect to the jurisdiction of the Superior Court in capital cases after judgment of affirmance on appeal, as debated on argument and in brief. Suffice it to say, that, in the instant case, the door of the temple of justice has not been closed to the prisoner; he has been or is to be heard, and, in this respect, he is in no position to complain.
It is clear, we think, that the application for a new trial on the ground of newly discovered evidence was denied, not upon its merits, but under the misapprehension that the court was without authority to entertain the application. Where the exercise of a discretion is refused upon the ground that the court is without jurisdiction in the premises, the ruling is reviewable. Gilchrist v. Kitchen, 86 N.C. 20; Hudgins v. White,65 N.C. 393.
"It is familiar learning that where a nisi prius judge rests his refusal to exercise his discretion upon the mistaken opinion, either that it is not vested in him or that the facts are not such as to call for its exercise, it is error. The rule is so established, because a judge, acting under a misapprehension of the law, might, in cases like that before us, refuse to follow the dictates of a sound discretion solely because he had been misled by an erroneous view as to his power" — Avery, J., in S. v. Fuller,supra.
We express no opinion upon the merits of the matter. The motion will be passed upon by the judge of the Superior Court, to whose discretion it is committed. (S. v. Morris, supra), and to that end the same is remanded to the Superior Court of Lenoir County.
Error and remanded.
ADAMS, J., dissents. *Page 629