B. L. GAINEY ET AL. v. DAVID GODWIN.

(Filed 22 March, 1916.)

**1. Court's Discretion—Prosecution Bond—Appeal and Error.**

Where the plaintiff has failed to file a prosecution bond in his action for land, in compliance with an order made at the preceding term of the court, it is within the sound discretion of the trial judge to permit him to file it, and in the absence of abuse of this discretion, his act in allowing it is not reviewable on appeal.

**2. New Trial—Newly Discovered Evidence.**

In this case defendant's motion for a new trial for newly discovered evidence was properly disallowed under the authority of *Johnson v. R. R.,* 163 N. C., 453.

ACTION to recover tract of land, tried September Term, 1915, of SAMPSON, before *Connor, J.,* upon these issues:

1. Was the plaintiff the owner and entitled to the possession of the lands set out in the complaint and described on map as the 16½-acre tract? Answer: "Yes."

2. Is the defendant in the wrongful possession of any part of said tract? Answer: "Yes."

3. What damages, if any, are the plaintiffs entitled to recover of the defendants? Answer: "$10."

From the judgment rendered, defendant appealed.

*Butler & Herring for plaintiffs.*
*John D. Kerr, Fowler, Crumpler & Gavin for defendant.*

PER CURIAM. When the case was called for trial, defendant moved that the action be dismissed on the ground that plaintiffs had failed to file a prosecution bond in compliance with an order at former term. Plaintiff tendered a bond adjudged to be sufficient, and the motion was overruled. It is well settled that this is a matter within the sound discretion of the trial judge, and in the absence of evidence of gross abuse such discretion will not be reviewed by this Court.

The plaintiffs made out a *prima facie* title by introducing a grant from the State in 1892 and connecting themselves directly with it.

The defendant offered no grant from the State, but claimed under the division of the lands of John Godwin in 1879 as color of title and offered evidence of possession thereunder. Defendant showed no title prior to that date. The defendant's title depended upon the location of the division lines and possession. The matter involved is almost entirely a question of fact, and we think was submitted to the jury in a very clear and correct charge.

The motion for a new trial upon the ground of newly discovered evidence is denied. The affidavits in support of the motion fail to make out a case where a new trial will be granted. The requirements are fully set out by *Justice Walker* in *Johnson v. R. R.,* 163 N. C., 453.

No error.

HOKE, J., concurs in result.