WILLIS ROBERTSON v. VIRGINIA ELECTRIC AND POWER
COMPANY ET AL.

(Filed 12 July, 1933.)

**New Trial B g—This case is remanded in order that new trial may be awarded if it is found that testimony of material witness was false.**

In this case defendant moved in the Supreme Court for a new trial on the ground of newly discovered evidence, and filed an affidavit of a material witness repudiating his testimony upon the trial. Plaintiff took deposition of the witness in which the witness swore that the affidavit was false. In the Supreme Court the case together with the motion is

remanded to the Superior Court to the end that the court with the aid of the solicitor may investigate the charges and counter-charges, and that a new trial may be awarded if it be ascertained that the witness' testimony upon the trial was false.

MOTION by defendant for new trial on ground of newly discovered evidence.

Original opinion reported, 204 N. C., 359.

*E. L. Owens and Ward & Grimes for plaintiff.*

*T. Justin Moore, Zeb Vance Norman and Spruill & Spruill for defendants.*

STACY, C. J. Petition to rehear for the purpose of lodging motion for new trial on ground of newly discovered evidence was filed in this cause immediately upon delivery of the opinion, 15 March, 1933, under authority of what was said in *Allen v. Gooding,* 174 N. C., 271, 93 S. E., 740.

The motion for a new trial is accompanied by an affidavit signed by Maurice Whidbee in which he retracts his testimony given on the hearing. He stated on the trial that he saw employees of the defendant set fire to a yellow jackets' nest which spread from defendant's right of way to plaintiff's woods. In the affidavit filed here, it is said this testimony was wrong, "the fact is I know nothing about the origin of the fire."

Thereafter, the plaintiff took the deposition of Morris Whedbee or Maurice Whidbee, the affiant, in which he says the affidavit is false, and that he was suborned by one Elmer Jackson to make it. This is categorically denied by Jackson.

Thus, it appears that a material witness for the plaintiff on the hearing has first repudiated and then repudiated the repudiation of his testimony in this Court on the defendant's motion for a new trial. We do not know where the truth lies, nor how the witness might testify on another hearing, if, indeed, this may now be regarded as a determining factor in the matter. The case, therefore, together with the motion, will be remanded to the Superior Court of Washington County, to the end that the charges and counter-charges may there be investigated with the aid of the solicitor, if needed. And if it should be found that the testimony given by the witness on the trial was false, the Superior Court will award a new trial; otherwise not. This course seems necessary in view of the unusuality of the record.

Remanded.