WILLIAM G. LIVERMAN, JR., VIOLA MYERS, ELIA CHAMBLEE, AND
BELLE M. ANDREWS, v. J. N. VANN AND HIS WIFE, AGNES VANN,
W. T. FORBES AND HIS WIFE, ADA FORBES, AND W. T. WHEDBEE
AND HIS WIFE, LUCILLE J. WHEDBEE.

(Filed 13 October, 1937.)

**Appeal and Error § 47a—Motion in Supreme Court for new trial for newly discovered evidence allowed in this case.**

Plaintiffs' evidence tended to show that upon the maturity of a note
secured by mortgage. the maker agreed to convey the land to defendants,
reserving a life estate, if defendants would satisfy the note, that defend-
ants paid a sum in cash to the payee, who transferred the note to them,
and that thereafter the maker executed deed to them under the agree-
ment. The maker of the note died, and plaintiffs, devisees in a will
executed by the maker of the note prior to the execution of the deed,
instituted this action to set aside the deed for mental incapacity and for
fraud and duress. Upon plaintiffs' appeal from an adverse verdict, no
error was made to appear, but plaintiffs move for a new trial for newly
discovered evidence and filed affidavits showing that since the trial a letter
from one of defendants had been discovered indicating that the parties
understood and agreed that the relationship of mortgagor and mortgagee
should continue notwithstanding the deed. *Held:* Although the letter
probably is incompetent on the theory of trial, a new trial is awarded,
since plaintiff may make a motion to amend, addressed to the discretion
of the court, so as to set up a new cause of action giving them the right
to redeem the land from the deed of trust by paying the note.

APPEAL by plaintiffs from *Grady, J.,* at April Term, 1937, of HERT-
FORD. New trial.

This is an action to have a deed, executed by Mrs. Viola G. Jenkins
on 15 August, 1932, and conveying to the male defendants in fee, subject
to a life estate reserved in the deed to the grantor, the tract of land
described therein, adjudged void, on the ground (1) that at the date
of the execution of said deed the grantor, Mrs. Viola G. Jenkins, was
of such weak mind and memory that she was incapable of entering into
a valid and binding contract; and (2) that the execution of said deed
was procured by fraud and duress on the part of the grantees, as alleged
in the complaint.

The evidence for the plaintiffs tended to show that on and prior to
27 July, 1931, Mrs. Viola G. Jenkins was seized in fee and in possession
of a tract of land situate in St. John's Township, Hertford County,
North Carolina, containing 144.7 acres, more or less; that on 27 July,
1931, for the purpose of securing the payment of her note for $1,000, as
recited therein, the said Mrs. Viola G. Jenkins conveyed the said tract of
land, by a deed of trust, to R. C. Cole, trustee; that the note secured by
said deed of trust became due and payable according to its terms on

27 July, 1932, and that soon thereafter the holder of said note demanded its payment by the said Mrs. Viola G. Jenkins, as maker thereof; that the said Mrs. Viola G. Jenkins admitted her liability on said note, but was unable to pay the amount due thereon; and that after repeated efforts, which were unsuccessful, to borrow money with which to pay said amount, the said Mrs. Viola G. Jenkins went to the place of business of the defendants in the town of Ahoskie, N. C., and there proposed to the defendant J. N. Vann that if he would pay the amount due on said note she would convey to him and his codefendants in fee the tract of land described in the deed of trust, reserving to herself a life estate in said tract of land; that the defendants, after some negotiations with the holder of the note, accepted the proposition of Mrs. Viola G. Jenkins and accordingly, on 11 August, 1932, paid the sum of $475.00, in cash, to the holder of the note, who thereupon transferred and assigned the note to the male defendants.

The evidence for the plaintiffs tended to show further that pursuant to her contract and agreement with the defendants, on 15 August, 1932, at her home in Hertford County, the said Mrs. Viola G. Jenkins executed a deed by which she conveyed the tract of land described in the deed of trust to the male defendants in fee, reserving to herself an estate for her life in said tract of land; that said deed was prepared by the defendant J. N. Vann, and was duly probated, and recorded in the office of the register of deeds of Hertford County, in Book 103, at page 460; that after the execution and registration of said deed, to wit, some time during the month of December, 1932, with the consent of the defendants, the said Mrs. Viola G. Jenkins sold the timber on said tract of land for the sum of $403.50; and that said sum of $403.50 was paid by the purchaser of said timber to the defendants, who entered said sum on their books as a credit on their account with the said Mrs. Viola G. Jenkins.

The evidence for the plaintiffs tended to show further that at the date of the execution of said deeds, Mrs. Viola G. Jenkins was about 75 years of age; that she had suffered from pellagra for about 17 years, during which time she was almost constantly under treatment by her physician; that in consequence of said disease, she was weak in mind and in body and at times not in her right mind; and that she was easily depressed, especially by business worries.

The evidence for the plaintiffs tended to show further that at the date of the execution of said deed the tract of land which was conveyed thereby to the male defendants was worth from $4,000 to $6,000, and at the date of the trial was worth $7,000.

Mrs. Viola G. Jenkins died during 1934, having first made and published her last will and testament, by which she devised the tract of land

described in her deed to the defendants, to the plaintiffs, who are her nephew and nieces. The said last will and testament was executed by her prior to the date of the said deed, and has been duly probated and recorded.

At the close of the evidence for the plaintiffs, the defendants moved the court for judgment as of nonsuit on plaintiffs' cause of action founded upon the allegations of the complaint that the execution of the deed from Mrs. Viola G. Jenkins to the male defendants was procured by fraud and duress on the part of the grantees therein. This motion was allowed by the court, and plaintiffs excepted.

Evidence was then offered by the defendants tending to contradict the evidence for the plaintiffs with respect to the mental incapacity of Mrs. Viola G. Jenkins at the date of the execution of the deed from her to the male defendants, and further tending to show that the said Mrs. Viola G. Jenkins at said date had sufficient mental capacity to enter into a valid and binding contract and to execute said deed.

The issues submitted to the jury were answered as follows:

"1. At the time of the alleged contract between J. N. Vann and Mrs. Viola G. Jenkins for the purchase of the note and mortgage deed from R. C. Cole, and the execution of the deed from the said Viola G. Jenkins to J. N. Vann and others, defendants in this action, was the said Mrs. Viola G. Jenkins of such weak mind and memory that she could not enter into a valid and binding contract, as alleged in the complaint? Answer: 'No.'

"2. What amount of money was expended by J. N. Vann and others, defendants in this action, in the purchase of said note and mortgage from R. C. Cole? Answer: '$475.00.'

"3. What amount of money was received by J. N. Vann and others, defendants in this action, from the sale of timber from the Jenkins tract of land? Answer: '$403.50.'

"4. What part of said money, if any; belongs to the estate of Mrs. Viola G. Jenkins, deceased? Answer: '$120.55,' by consent."

From judgment in accordance with the verdict, and directing that the defendants pay into the office of the clerk of the court the sum of $120.55, to be held by said clerk for the administrator or executor of Mrs. Viola G. Jenkins, deceased, the plaintiffs appealed to the Supreme Court, assigning errors in the trial.

*D. C. Barnes, E. R. Tyler, and W. D. Boone for plaintiffs.*
*E. L. Travis and J. Carlton Cherry for defendants.*

CONNOR, J. An examination of the record in this appeal does not disclose any error for which the plaintiffs are entitled to a new trial.

None of their assignments of error can be sustained. On the record, the defendants are entitled to have the judgment of the Superior Court in this action affirmed.

The plaintiffs contend, however, that if they are not entitled to a new trial for errors in the trial in the Superior Court, they are entitled to a new trial for newly discovered evidence in accordance with their motion which was duly made in this Court. See McIntosh, N. C. Prac. and Proc., page 806; *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690; *Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760; *Chrisco v. Yow,* 153 N. C., 434, 69 S. E., 422; *Smith v. Moore,* 150 N. C., 158, 63 S. E., 735; *Black v. Black,* 111 N. C., 300, 16 S. E., 412.

It appears from affidavits filed in this Court by the plaintiffs, and not controverted by the defendants, that after the expiration of the term of the Superior Court of Hertford County at which the action was tried, the plaintiffs discovered a letter which the defendant J. N. Vann wrote to Mrs. Viola G. Jenkins, who had died before the trial, which is as follows:

"AHOSKIE, N. C., Dec. 17th, 1932.

"MRS. VIOLA JENKINS,
   Aulander, N. C.

"DEAR COUSIN VIOLA: Replying to your letter of the 15th, which I received yesterday, I told Cola Sumner several days ago, that we had no objection to the sale of your timber, provided the sale was made to some responsible party, or the money was paid for the timber before it was cut, and the proceeds applied on the note.

"I do not know when it will be possible to get to see you, as I have my hands full trying to shape my personal affairs before leaving the first of the year.

"With kind, good wishes, I am

Sincerely yours,

JOE."

This letter, while probably not competent, relevant, or material as evidence pertinent to any of the issues submitted to the jury at the trial, would be competent, relevant, and material as evidence pertinent to an issue involving the relationship of Mrs. Viola G. Jenkins and the defendants with respect to the tract of land conveyed by her to them by deed dated 15 August, 1932. It tends to show that it was understood and agreed by and between Mrs. Viola G. Jenkins and the defendants, at the time his deed to them was executed, that the relationship between them of mortgagor and mortgagee should continue, notwithstanding said deed, and that Mrs. Viola G. Jenkins should have the right to redeem the land from the deed of trust, by paying to the defendants the amount

due on his note. Before the new trial the plaintiffs may and probably will move for leave to amend their complaint and set up therein a new cause of action. Such motion will, of course, be addressed to the discretion of the court.

The motion for a new trial for newly discovered evidence is allowed. It is so ordered.

New trial.